JOHN E. CASSIDY *vs.* COMMONWEALTH.
SAME *vs.* SAME.

Middlesex.    November 14, 1898. — June 29, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Land Damages — Challenge to Juror — Evidence — Discretion of Judge.*

Two petitions for the assessment of damages caused by the taking of land belonging to the same person in different municipalities by the Metropolitan Park Commission, under St. 1893, c. 407, were ordered to be tried together.    At the impanelling of the jury, the petitioner peremptorily challenged three jurors.    The respondent then challenged three jurors, but the petitioner objected, and excepted to the third challenge.    The challenge was allowed, and afterwards the petitioner challenged one more juror.    *Held,* that no ground for a new trial appeared.

At the trial of a petition for the assessment of damages caused by the taking of land, if a question to a witness testifying as an expert as to the value of the land, which was admissible in the discretion of the judge, does not appear to have led to collateral inquiry, the answer to the question, or even the fact that the ques-

tion was answered, not appearing in a bill of exceptions alleged by the petitioner, this court cannot assume that he has suffered any harm.

It is within the discretion of the judge, at the trial of a petition for the assessment of damages caused by the taking of land, to refuse to allow a witness to be cross-examined as to his opinions or statements covering other lands not before the court and in another municipality.

Two PETITIONS to the Superior Court, for a jury to assess the damages caused to the petitioner by the taking by the Metropolitan Park Commission, under St. 1893, c. 407, of land in Newton and Watertown respectively. At the trial of the cases together, before *Hammond*, J., the jury returned a verdict for the petitioner in each case; and he alleged exceptions, which appear in the opinion.

The case was argued at the bar in November, 1898, and afterwards was submitted on briefs to all the justices except *Field*, C. J.

*R. M. Morse*, (*M. M. Weston* with him,) for the petitioner.

*F. T. Hammond*, Assistant Attorney General, for the Commonwealth.

HOLMES, J. These are petitions for the assessment of damages caused by the taking of land in Newton and Watertown respectively, under St. 1893, c. 407. The two petitions were ordered to be tried together. At the impanelling of the jury the petitioner peremptorily challenged three jurors. The respondent then challenged three jurors, but the petitioner objected and excepted to the third challenge. The challenge was allowed, and afterwards the petitioner challenged one more juror. The exception on this point presents the first question.

If the parties' rights were affected by the order that the two cases be tried together, so that each side had a right to but two challenges in all, which we do not decide, the petitioner is not in a position to complain of the larger liberty given to the respondent. He has suffered no harm, so far as appears. No juror sat who was challenged by him. One qualified juror sat in place of another, nothing more, and the rule under which this came to pass was that for which the petitioner himself was responsible, and by which he already had profited. It would be unjust to grant a new trial upon this ground.

The petitioner examined one Ross as an expert as to the value of the land taken in Newton. The petitioner owned other adjoin-

ing land in Boston, part of which had been taken for the Metropolitan Sewer, and the petitioner had sued the Commonwealth for this taking also. On cross-examination the witness, who had testified in the other suit, was asked what he had testified was the value of the Boston land. He then was asked what he had testified was the damage to the remaining land because of the laying of the sewer. The question went to the credit of the witness. It was a question what he had testified in the past, not what the damage was. The only objection manifest is that it was somewhat remote and collateral, and might have called for too much explanation, — a matter addressed to the discretion of the presiding judge. It does not appear in fact to have led to collateral inquiry. Under such circumstances, at least it ought to be shown why and how the petitioner was injured. The case was tried by experienced counsel. The answer to the question, or even the fact that the question was answered, does not appear in the exceptions. We cannot assume that the petitioner has suffered any harm. See *Shinners* v. *Proprietors of Locks & Canals,* 154 Mass. 168, 169; *Commonwealth* v. *Smith,* 163 Mass. 411, 429; *Honsucle* v. *Ruffin,* 172 Mass. 420.

A witness was called by the Commonwealth as to the value of the land in Watertown which was the subject of the second petition mentioned. On cross-examination he was allowed to be asked what in his opinion was the value of the petitioner's land in Newton, which he put at two cents a foot. He then was asked whether he had not said that the Boston land adjoining the Newton land was worth ten cents a foot. This and another question upon the same subject were excluded, and the petitioner excepted. It will be observed that the witness had not testified on direct examination concerning the Newton land, and as this exception appears under the Newton petition alone, perhaps it might be overruled on the ground that under that petition the petitioner had no right to cross-examine the witness at all. But further it was within the discretion of the court to refuse to allow the witness to be cross-examined as to his opinions or statements concerning other lands not before the court and in another municipality. See *Manning* v. *Lowell, ante,* 100. Such an examination could go only to the credit of the witness. If time was pressing, the judge had a right to cut it short.　　　　　　　　　　　　　　　*Exceptions overruled.*