FLORA M. MORSE *vs.* NEWTON STREET RAILWAY COMPANY.

Middlesex.    November 13, 1912. — February 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Street railway, Protection from crowd.    *Carrier,* Of passengers.

A street railway company is liable for an injury to a passenger on one of its cars caused by its failure to take reasonable precautions to guard the passengers from the rushing of a waiting crowd to board the car at a time and place when such action of the crowd ought to have been anticipated.

In an action against a street railway company for personal injuries from being pushed by a crowd from an open car of the defendant on which the plaintiff was a passenger, there was evidence that it was the week of a Grand Army encampment in a neighboring city and that for the night when the accident happened the defendant had advertised a river carnival, for which it was running many extra cars, that, when the car in which the plaintiff was travelling arrived at a certain square, there was a crowd there of four or five hundred persons "all around and close up to the car," that the people rushed into the car before it came to a stop and began to turn over the seats, that there was no guard rail on either side of the car and the crowd rushed upon the car and boarded it from both sides, and that the plaintiff, as she was rising from her seat, was pushed from the car and injured, that the accident happened between eight and half past nine o'clock in the evening, that there had been an unusually large crowd in the square since seven o'clock and that the same kind of rushing upon the cars had been going on since that hour, that there was only one policeman on duty at the square and no employee of the defendant except the motorman and the conductor of the car, neither of whom made any effort to protect the passengers or to restrain the crowd. *Held,* that it was a question for the jury whether the defendant did all that it ought to have done to guard its passengers in the light of its knowledge of the crowds likely to be travelling on that evening and their probable impatience and disorder and considering the length of time during which it might have been found that people had been rushing upon the cars.

TORT for personal injuries sustained by the plaintiff from being pushed by a crowd from an open electric street car of the defendant on which the plaintiff was a passenger at Watertown Square in Watertown on the evening of August 17, 1904. Writ dated October 31, 1904.

In the Superior Court the case was tried before *Dana,* J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant asked the judge to rule that on all the evidence the defendant was not liable. The judge refused to make this ruling and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $800. The defendant alleged exceptions.

*P. F. Drew,* for the defendant.

*E. Carr,* for the plaintiff.

RUGG, C. J. The plaintiff seeks to recover compensation for personal injuries received by her because of being crowded off a car of the defendant, upon which she was a passenger, on an August evening, by the sudden rushing upon it of a large number of persons. She was travelling from Waltham to Boston, and, although the car usually went through to Boston, on that day the defendant had changed its schedule, and passengers were required to change at a public square in Watertown which was made the end of the line for the time being. This square was the terminus of lines of street cars from Boston, Needham and parts of Newton. It was the week of a Grand Army encampment in Boston, and a river carnival advertised by the defendant was being held that night in Waltham. On this account the defendant was running many extra cars. There was evidence tending to show that an unusually large crowd was in the square, which began to gather about seven o'clock and which was continually changing as people, brought on other lines of street cars, waited to be taken away on those of the defendant; that between eight and half past nine o'clock, as the open car on which the plaintiff was riding with a few passengers came into the square, and as she was rising from her seat, there was a crowd estimated at four or five hundred "all around and close up to the car." People rushed into this car before it came to a stop, and began to turn over the seats, and pushed the plaintiff from the car. There were no guard rails on either side of the car, and people boarded it from both sides.

They were pushing and crowding and rushing on to the car, and it might have been found that this course of conduct had been going on since seven o'clock that evening. There was one policeman on duty at the square, but no employee of the defendant except its motorman and conductor, neither of whom made any effort to protect its passengers or to restrain the crowd. This narration might have been found to be correct in substance, although there was ample evidence tending to show that the people were entirely orderly.

This was enough to make it a question for the jury, whether the defendant did all that it ought to have done in the performance of its duty to guard its passengers in the light of its knowledge of the crowds likely to be travelling and their probable impatience and disorder and the length of time during which it might have been found that there had been thronging and pressing. The governing principles of law are well settled, and recently have been restated at length. *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497. This case and *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341, *Kelley* v. *Boston Elevated Railway,* 210 Mass. 454, and *Coy* v. *Boston Elevated Railway,* 212 Mass. 307, govern the case at bar. The evidence which has been stated and which the jury may have found to be true distinguishes it from *Willworth* v. *Boston Elevated Railway,* 188 Mass. 220, *McCumber* v. *Boston Elevated Railway,* 207 Mass. 559, and *Marr* v. *Boston & Maine Railroad,* 208 Mass. 446, especially relied on by the defendant.

*Exceptions overruled.*