MYRA A. SEALE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   December 12, 1912. — February 26, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence*, Street railway.   *Carrier*, Of passengers, Protection from crowd.

Evidence tending merely to show, that at a certain hour a passenger upon a car of a train of an elevated railway, which customarily was crowded at that hour and which customarily stopped opposite a part of the platform of a station which was close to the car, upon the car being stopped opposite a part of the platform which curved away from the car so that a space was left, was pushed from the car by the crowd and fell into such space, is not evidence of negligence on the part of the corporation operating the elevated railway.

TORT for personal injuries caused by the plaintiff on November 4, 1907, falling between an elevated train of the defendant and the platform of the Park Street station of the subway in Boston as she was leaving the train. Writ dated April 16, 1908.

The declaration as amended was in two counts. The first count alleged that the plaintiff was "forced violently" from the train, and stated as the cause of the accident negligence of the

defendant in suffering and permitting a large concourse of people to be in the car and on the platform of the station, in failing to maintain order and quiet in the crowd of people on the car and on the platform of the station, and in failing to furnish and maintain a sufficient number of guards properly to control the large number of passengers. The second count alleged that the train was negligently stopped at an unusual and dangerous place and that the plaintiff, by reason of its crowded condition, was forced violently from the train and was caused to fall between the train and the platform.

The case was tried before *Jenney*, J. The plaintiff testified that for three or four months she had been taking an elevated train in the subway at Scollay Square station for Park Street station at between five minutes before and five minutes after eight in the morning, and that the train at that time each day was crowded when it entered the Scollay Square station.

The plaintiff offered to show that for two years such train was accustomed to stop at such a place at the Park Street station, and that the rear door of the second car, which she was accustomed to use, was opposite the straight part of the platform and not opposite any curve. The evidence was excluded.

The plaintiff also offered to show that, before she entered the crowded car at Scollay Square station on the day in question, she hesitated, on account of the crowded condition of the car, about getting in, and that, as she was standing after the other passengers had entered the rear door of the next to the last car, the guard put his hand behind her back and pushed her into that rear door against the crowd so that there was just room enough for her between the crowd and the door when it was closed. Counsel for the defendant, on inquiry by the judge, having stated that the defendant did not contend that there was any negligence on the plaintiff's part in riding on the car, the judge excluded the evidence offered.

The plaintiff testified that, when the train reached Park Street station, the door was opened in the car where she was and she "went to step" and before she "had a chance to step the crowd pushed" her and she fell out, her leg going down between the car and a portion of the station platform which curved away from the car about two feet.

The defendant offered no evidence.

At the close of the plaintiff's case the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*D. H. Coakley & R. H. Sherman,* for the plaintiff.

*G. E. Morris,* for the defendant.

HAMMOND, J. There was no evidence of negligence of the defendant. On this question the case, so far as respects the curved platform, must be classed with *Hilborn* v. *Boston & Northern Street Railway,* 191 Mass. 14, and similar cases therein cited, and, so far as respects the crowded car and the consequent duty of the defendant to protect the passengers, with the type of cases fairly represented by *McCumber* v. *Boston Elevated Railway,* 207 Mass. 559. In this last case as well as in *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497, the general principles upon which the liability of a common carrier to a passenger for injury caused by his fellow passengers turns are stated in some detail, and need not be here repeated. Reference is made to those two cases and the cases therein respectively cited on the question.

The plaintiff was not prejudiced by the exclusion of her offers of proof. So far as they bore upon the question of the due care of the plaintiff they have become immaterial; and so far as they bore upon the negligence of the defendant they do not change the legal result.

*Exceptions overruled.*