URSZULA GASCIEVICZ *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.     October 18, 1915. — November 24, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway, In a subway.

A passenger in the Harvard Square station of the Cambridge subway, who was pushed against a moving street car by a crowd of about twenty-five persons upon a platform which could accommodate between four and five thousand persons, cannot recover in an action against the street railway company for personal injuries so received upon proving merely that at the time of the plaintiff's injury "the people there were not orderly; that they almost ran to the car," and that on several previous occasions at the same time in the morning as that of the injury to the plaintiff passengers were seen to jump on the cars, there being no evidence that on any previous occasion any harm had come to any one from the jumping, and no fact appearing that would notify the defendant of danger or cause it to anticipate the injury which the plaintiff received. Following *Jackson* v. *Boston Elevated Railway,* 217 Mass. 515.

TORT for personal injuries received when the plaintiff was pushed against a moving street car in the Harvard Square station of the Cambridge subway as described in the opinion. Writ dated July 26, 1912.

In the Superior Court the case was tried before *Quinn,* J. The material evidence is described in the opinion. At the close of the evidence the judge refused to rule, as requested by the defendant, that upon all the evidence the plaintiff was not entitled to recover. There was a verdict for the plaintiff in the sum of $500; and the defendant alleged exceptions, which, by reason of the physical disability of *Quinn,* J., were allowed by *Jenney,* J.

*P. F. Drew,* for the defendant.

*C. J. Muldoon, Jr.,* for the plaintiff, submitted a brief.

CARROLL, J. The plaintiff was injured in the Harvard Square subway station, by being pushed against a moving street car. At the time of the accident there were twenty or twenty-five persons on the station platform, which could accommodate between four and five thousand.

We can find no evidence in the record of previous acts at this station, from which it could be inferred that injury was likely

to happen to the plaintiff by being crowded against an approaching car. The only evidence on this point was "that the people there were not orderly; that they almost ran to the cars," — referring to the time of the plaintiff's injury. There was nothing in this to show any previous disorder.

There was also evidence that on several occasions, at this particular time in the morning, passengers were seen to jump on the cars. There was no evidence that harm came to any one from this "jumping;" there was nothing in the manner of the crowding or pushing which made it unsafe for passengers and nothing was shown which would notify the defendant of danger or cause it to anticipate injury to the plaintiff. We think the case cannot be distinguished from *Jackson* v. *Boston Elevated Railway*, 217 Mass. 515, and cases therein cited, and it is governed thereby.

The defendant's exceptions are sustained, and in accordance with St. 1909, c. 236, judgment is to be entered in the Superior Court for the defendant and a rescript is to go to that effect.

*So ordered.*