ISABEL CHASE vs. BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   November 11, 1918. — February 26, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Negligence*, In operating elevator, Elevated railway.   *Witness*, Cross-examination.
*Practice, Civil*, Arguments of counsel.

In an action by a woman, against a corporation operating an elevated railway
and subways and in connection with them operating an elevator to transport
passengers between the elevated superstructure and the subway below a street,
for personal injuries, it appeared that the plaintiff was being transported in
an elevator as a passenger of the defendant from an elevated station to the
subway, that the elevator when the plaintiff entered it was not overcrowded
but that before it started it had become, against the plaintiff's protest, crowded
with passengers and their baggage, that the plaintiff and others who entered
first were pressed against the back of the car, that when the car stopped at the
street level the plaintiff "called out to the elevator man not to permit any more
on the elevator, that they were very much crushed," that the elevator operator
replied, "Who is running this car? I am running this car," and that "they
crowded all together and he put more in, everybody was crowded;" that "they
could not turn round;" that when the car stopped at the subway its floor was
four inches above the level of the platform of the station, that the elevator oper-
ator opened a door back of the plaintiff, which she had not known was there,
thinking that her back was against the back of the elevator, and said, "Out this
way;" that the crowd in the elevator, released from the pressure by the open-
ing of this door, surged out with a rush and pushed the plaintiff over backward,
causing her injuries. *Held*, that on these facts the plaintiff was entitled to go
to the jury, who could find that the elevator operator was negligent, after hav-
ing created or permitted the overcrowded condition of the car, in failing to
anticipate and guard against any harm reasonably likely to result from the
efforts of the passengers to escape from the pressure of the crowd when the
door was opened in a different side of the car from that by which they had
entered.

In the case above described the defendant contended that the plaintiff's present
physical disability was largely or wholly due to an accident sustained by her
six years before her alleged injuries by being pushed from the elevator, and she
was asked by the defendant on her cross-examination to describe this previous
accident. The plaintiff admitted that she had denied to the defendant's exam-
ining physician that she had had a previous accident, and stated in explanation
of her denial that she would not call the occurrence an accident, whereupon
the defendant's counsel asked her, "How much did you receive in settlement
of your claim?" The presiding judge excluded the question. The defendant
stated that the answer would have shown that a substantial sum of money was
paid in settlement and that the amount received would shed light on the seri-
ousness of her previous injuries and also upon the veracity of her statement to

the examining physician that she did not call the previous occurrence an accident. *Held,* that the extent of the cross-examination was within the discretionary control of the presiding judge both as to the collateral matter of the compromise settlement and as to the veracity of the witness.

In the case above described it appeared that the defendant's counsel had stated that the action, although brought against the elevated railway corporation, was in reality being defended by an insurance company which had insured the defendant against such accidents, and in answer to this the plaintiff's counsel in addressing the jury had argued that it was the duty of the defendant and its employees to help in any action under the terms and conditions of the policy of insurance and that the defendant's employees might be considered witnesses that possessed an interest in the outcome of the case. The defendant did not ask the judge to stop this argument or to instruct the jury to disregard any part of it, nor did the defendant request any rulings relating to this argument. The defendant merely took an exception to this portion of the argument of the plaintiff's counsel. *Held,* that under the circumstances the exception must be overruled.

TORT for personal injuries sustained on May 12, 1914, when the plaintiff was a passenger of the defendant and was being transported in an elevator operated by the defendant at its Atlantic Avenue station on State Street in Boston. Writ dated March 8, 1916.

In the Superior Court the case was tried before *Dana,* J. The material evidence is described in the opinion. At the close of the evidence the defendant filed a motion that a verdict be ordered for it and assigned the following reasons:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence upon the pleadings the plaintiff is not entitled to recover.

"3. The plaintiff was not in the exercise of due care.

"4. There is no evidence that the defendant's negligence contributed to the injury.

"5. There is no evidence that the defendant should have reasonably anticipated and guarded against the alleged harmful misconduct on the part of other passengers, operating to cause the plaintiff's injuries.

"6. There is no evidence in the record of previous acts at this station from which it could have inferred that injury was likely to happen to the plaintiff by being crowded off her balance by other passengers."

The judge denied the motion. The defendant also made re-

quests for rulings which were refused by the judge. The jury returned a verdict for the plaintiff in the sum of $1,850. There was a motion for a new trial, which was denied by the judge. The defendant alleged exceptions, which are described in the opinion.

The case was submitted on briefs.

J. A. Dennison & R. Gallagher, for the defendant.

D. H. Coakley & W. J. Patron, for the plaintiff.

PIERCE, J. The evidence was ample to support the jury in finding that the plaintiff was a passenger for hire on an elevator controlled and operated by the servants of the defendant; that the elevator transported passengers from the elevated superstructure at State Street to the subway below; that when the car was started to descend from the upper level it was crowded with passengers with their bags and baggage; that the plaintiff and others, who first entered, were pressed against the back of the car; that when the car stopped at the next landing — the street floor — the plaintiff "called out to the elevator man not to permit any more on the elevator; that they were very much crushed;" that he replied "Who is running this car? I am running this car;" that "they crowded all together, and he put more in, everybody was crowded . . . they could not turn round;" that when the car reached the subway and had stopped, the floor of the elevator was four inches above the level of the platform of the station; that the elevator man opened the door back of the passengers, which was not the door of entrance, and said "Out this way;" that the plaintiff was standing with her back to the door; that she did not know there was a door there and thought the door which was opened was an elevator wall; that the elevator man did not say or otherwise indicate that the door behind the plaintiff would be opened; that the crowd packed in the elevator relieved of the pressure by the opening of the door surged out in a rush that pushed and carried the plaintiff until she fell backward, receiving the injuries of which she complains.

The defendant contends that a verdict should have been directed for the defendant. It concedes the evidence justified a finding that the plaintiff was a passenger in an elevator into which others were admitted in such numbers as to overcrowd the elevator; that such overcrowded elevator was stopped four inches

above the subway floor; that the plaintiff and her companions were pushed out when the elevator was so stopped, either by a man or by the crowd, causing the plaintiff to be forced against a settee and thus injured. In support of its position the defendant cites *McCumber* v. *Boston Elevated Railway,* 207 Mass. 559, and *MacGilvray* v. *Boston Elevated Railway,* 229 Mass. 65, and therefrom formulates the proposition that it is not actionable negligence on the part of a common carrier in the present state of transportation, to permit passengers to come into cars or elevators or upon platforms that are already overcrowded, in the absence of evidence that the injury resulted from boisterous, disorderly and violent activity on the part of the crowd and that such occurrence should have been anticipated.

But the defendant in its assemblage of facts omits to state the fact that the elevator was not overcrowded when the plaintiff entered, and the fact that it became so against the protest of the plaintiff, when, following an order to those within the elevator to "step back," other passengers forced their way into the elevator by the direction of the elevator man. And it also omits to include the fact that, without warning other than to say "Out this way," the elevator man opened the door immediately back of the plaintiff, which door was closed when she entered and appeared to be a part of the wall of the elevator.

We think that together these facts, conceded and omitted by the defendant, presented a situation of danger and harm to the passengers which was absent in the cases relied upon, in that it was entirely attributable to the voluntary action of the elevator man. In creating the overcrowded condition of the car the elevator man should have foreseen, anticipated and guarded against any harm which was reasonably likely to result to any passenger within the car from the efforts of one or all the passengers to escape from the pressure of the crowd when the door was opened in the circumstances under which it was opened. *Leahy* v. *Standard Oil Co. of New York,* 224 Mass. 352, 360. It follows that the judge rightly refused to direct a verdict as requested.

On cross-examination the plaintiff was asked by the defendant concerning an injury which the plaintiff claimed to have received by falling from a stool or chair in a restaurant in 1908, it being the argument of the defendant that much, if not all, of the al-

leged disability the plaintiff attributed to the accident of 1914 was due to the injuries sustained in the accident of 1908. The plaintiff had admitted that she had denied having had a previous accident to the examining physician of the defendant in 1914, and had stated in explanation of her denial that she would not call the occurrence an accident, whereupon the defendant asked the plain-. tiff "How much did you receive in settlement of your claim . . .?" The question and answer were excluded, and an exception was taken. In support of the exception the defendant argues that an answer would have shown a substantial sum of money paid in settlement, and that the amount received would shed some light on the seriousness of her injuries in 1908, as well as bear upon the veracity of her statement that she did not characterize the occurrence as an accident, when she was asked by the doctor if she had had any previous accident. We think the extent of the cross-examination concerning the accident of 1908 was within the discretion of the trial judge, both as to the collateral matter of compromise and as to the veracity of the witness. *Batchelder* v. *Batchelder*, 2 Allen, 105. *Cassidy* v. *Commonwealth*, 173 Mass. 533. *Jennings* v. *Rooney*, 183 Mass. 577, 579. The exception must be overruled.

The exception taken to the argument of the counsel for the plaintiff that it was the duty of the defendant and its employees to help in any suit under the terms and conditions of the policy of insurance, and that they in turn might be considered witnesses that possessed an interest in the outcome of the case, was in reply to the statement of the counsel for the defendant that this suit, although brought against the Boston Elevated Railway Company, was in reality being defended by an insurance company under a policy covering such an accident as is alleged in the plaintiff's claim. The defendant did not ask the judge to stop the argument, to direct the jury to disregard any part of it, nor did it present any requests for rulings based upon any theory of law or fact inconsistent with such argument. *Jones* v. *Boston & Northern Street Railway*, 211 Mass. 552. *Commonwealth* v. *Richmond*, 207 Mass. 240, 250. In these circumstances a majority of the court are of opinion the exception must be overruled.

We have examined carefully the motion for a new trial, the remaining exceptions and requests for rulings, many of which are

not argued in the defendant's brief. They deal with disputed questions of fact or are adequately covered by the charge, wherein we find no reversible error.

*Exceptions overruled.*