SARAH M. KNOWLES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 14, 1919. — June 28, 1919.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway.    *Evidence,* Admitted without objection.

The mere facts, that a street railway car is crowded and that, by reason of such crowding, a passenger is caused to fall through a door of the car when it is opened at a stopping place and is injured, are not evidence of negligence rendering the street railway company operating the car liable to the passenger.

Upon evidence, at the trial of an action against a street railway company for personal injuries received by a passenger, which tends merely to show that, at a certain station for the receipt of passengers, the cars were always filled at a certain hour of the day and "everybody was rushing wild, trying to get on," and that on a certain morning a car was so crowded that the guard "had to press the doors in," and that, when the car reached a stop about twelve minutes from its starting place and the doors were opened, the pushing of the crowd thrust the passenger in question out of the door and caused him to fall into the street, it cannot be found that the street railway company operating such car was guilty of a violation of that portion of St. 1906, c. 463, Part III, § 96, which provides, that "Every street railway company shall furnish reasonable accommodations for the conveyance of passengers, and for every wilful neglect to provide such accommodations shall forfeit not less than five nor more than twenty dollars."

It here was *pointed out* that certain evidence, which had been admitted without objection, even if it were incompetent, was entitled to be given its probative force.

TORT for personal injuries. The declaration alleged that, while the plaintiff was a passenger upon a street railway car of the

defendant, "the defendant and its servants and agents, then and there negligently caused said car to be thronged, packed and overcrowded with passengers, whereby, and by reason thereof, the plaintiff was violently thrown from said car." Writ dated October 20, 1917.

In the Superior Court the action was tried before *Irwin*, J. The material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The plaintiff called the attention of the judge to that part of R. L. c. 112, § 69, (now St. 1906, c. 463, Part III, § 96,) which reads as follows: "Every street railway company shall furnish reasonable accommodations for the conveyance of passengers, and for every wilful neglect to provide such accommodations shall forfeit not less than five nor more than twenty dollars."

The judge referred to the statute above quoted and charged the jury in substance that, if the defendant failed to comply with this statute and its failure to do so contributed to the injury received by the plaintiff, such failure on the part of the defendant was evidence of negligence. To this part of the charge the defendant excepted, contending that the statute was not applicable to the case on trial.

The jury returned a verdict for the plaintiff in the sum of $1,500, and, in pursuance of an agreement between the parties, the judge set the verdict aside, ordered the jury to return a verdict for the defendant, and reported the case for determination by this court upon the following terms: If there was sufficient evidence to entitle the plaintiff to have the case considered by the jury, judgment was to be entered for the plaintiff in the sum of $1,500, with interest from February 7, 1919, and costs; otherwise, judgment was to be entered for the defendant upon the verdict.

*J. J. Scott*, for the plaintiff.

*F. Ranney*, for the defendant.

CARROLL, J. The plaintiff was injured by falling from one of the defendant's cars when the door was opened for her to alight. There was evidence that the plaintiff entered the car at Harvard Square station; that "most all the seats were filled;" that in the presence of the guard and starter many people boarded the car

and it became so crowded that the guard "had to press the doors in;" that at this hour in the morning, at Harvard Square, the cars were always filled, and "everybody was rushing wild, trying to get on;" that the plaintiff was injured at Bigelow Avenue, in Watertown, which was about twelve minutes run from Harvard Square, with no intervening stop. The evidence of what happened at Harvard Square was not objected to. See *Seale* v. *Boston Elevated Railway*, 214 Mass. 59. Even if it were incompetent, having been admitted without objection, it is entitled to its probative force. *Hubbard* v. *Allyn*, 200 Mass. 166, 171.

The plaintiff testified that as the car stopped or was about to stop at Bigelow Avenue "the door went open, and I landed on the street, on my shoulder. . . . I had an umbrella and a hand-bag in my hand. Just before the door opened, it (the car) was crowded, and each one was pressing forward to get to the door. . . . At the time the door opened, there was pressure upon me . . . from the crowd. . . . I was in the same position when the door opened and when I was thrown as I was when the car started. . . . I could n't move from the time the car started at Harvard Square." A witness for the plaintiff testified that when the car stopped at Bigelow Avenue the motorman opened the door and "the people all try more pressure." .

Considering all the evidence, there is nothing to show that the plaintiff was injured by reason of the defendant's negligence. In *Seale* v. *Boston Elevated Railway, supra,* the plaintiff offered to show that "before she entered the crowded car at Scollay Square . . . and that, as she was standing after the other passengers had entered the rear door of the next to the last car, the guard put his hand behind her back and pushed her into that rear door against the crowd," she testified that when the train reached Park Street station, the car door was opened and she "'went to step' and before she 'had a chance to step the crowd pushed' her and she fell out, her leg going down between the car and a portion of the station platform which curved away from the car about two feet." It was decided that the plaintiff was not prejudiced by the exclusion of her offers of proof and could not recover. This case cannot be distinguished from the case at bar, and is decisive of it.

The plaintiff's case really rests on the fact that the car was

crowded. It was said in *Burns* v. *Boston Elevated Railway,* 183 Mass. 96, at page 97: "The fact that the car was crowded is immaterial." This has been said in substance in numerous cases and is implied in many other decisions. *Jacobs* v. *West End Street Railway,* 178 Mass. 116. *McCumber* v. *Boston Elevated Railway,* 207 Mass. 559.

In *Willworth* v. *Boston Elevated Railway,* 188 Mass. 220, 222, it was held that the defendant was not in fault in failing to take measures to prevent passengers from crowding in passing from the car if the passengers were not disorderly, and where there is no reason to expect that anything unusually dangerous would happen. *Field* v. *Boston Elevated Railway,* 188 Mass. 222. *Marr* v. *Boston & Maine Railroad,* 208 Mass. 446. *MacGilvray* v. *Boston Elevated Railway,* 229 Mass. 65. These cases govern the case at bar.

*Chase* v. *Boston Elevated Railway,* 232 Mass. 133, is to be distinguished. In that case the person in charge of the elevator, without warning, opened the elevator door against which the plaintiff was leaning, which appeared to be a part of the wall of the elevator. The elevator was stopped about four inches above the level of the floor, and there was a settee in the way over which the plaintiff fell. In *Kelley* v. *Boston Elevated Railway,* 210 Mass. 454 and *Bryant* v. *Boston Elevated Railway,* 232 Mass. 549, the plaintiff was injured in a crowded subway station where the conditions could have been foreseen and provided for. *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341, rests on the fact of violent conduct at a subway waiting station. *O'Day* v. *Boston Elevated Railway,* 218 Mass. 515, depends on *Stevens* v. *Boston Elevated Railway,* 184 Mass. 476, where there was a violation of a rule by a servant of the defendant, established by it for the protection of passengers. In *Treat* v. *Boston & Lowell Railroad,* 131 Mass. 371, *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497, *Coy* v. *Boston Elevated Railway,* 212 Mass. 307, *Morse* v. *Newton Street Railway,* 213 Mass. 595, and *Nute* v. *Boston & Maine Railroad,* 214 Mass. 184, there was evidence of disorderly and unruly conduct on the part of passengers, which should have been foreseen and guarded against by the defendant. No such facts appear in the case at bar, and these cases do not support the plaintiff's contention.

St. 1906, c. 463, Part III, § 96, was not applicable to the plaintiff's case and we need not consider it.

According to the report judgment is to be entered for the defendant.

*So ordered.*