LOUVIA L. MOULTON *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 2, 1920. — June 24, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Elevated railway. *Practice, Civil,* Judge's charge.

At the trial of an action of tort by a woman against a corporation operating an elevated railway for personal injuries alleged to have been received by the plaintiff when a passenger on a car of the defendant, there was evidence tending to show that, previous to her injury, the plaintiff was standing with her shoulder against a door opening from the middle of the side of the car, that the car was very crowded so that she had no opportunity to hold to a strap and could not move, that, as the train approached a station where she intended to alight and while it still was moving at the rate of ten or twelve miles an hour, the door against which she was leaning was opened by an employee of the defendant and she was pushed by the crowd to the station platform and was thrown to her hands and knees. *Held,* that the evidence warranted a finding of negligence of an employee of the defendant.

The defendant at the trial of the action above described asked the judge to instruct the jury that it was "not negligent for a guard or brakeman to open the door of a car before the train comes to a stop as the train comes into a station." The judge instructed the jury that "the opening of the door . . . standing by itself alone . . ., even although it was before the car had fully arrived at . . . [the station], is not negligent on the part of the defendant and does not give the right to the plaintiff in and of itself to recover." *Held,* that the defendant had no ground for complaint of the manner in which the request was dealt with, and that there was no error in the instruction given.

The defendant alleged an exception to certain portions of the judge's charge at the trial above described, arguing that the jury were permitted to find the defendant negligent simply because the car became crowded following the plaintiff's entry; but, upon an examination of the whole charge, it was *held,* that the jury were instructed that the plaintiff could not recover merely because the door was opened before the car reached the station, nor because of the crowded condition of the car without reference to the other facts in the case; and that, from the whole charge, the jury could not have understood that they could find the defendant to have been at fault simply because the car became crowded after the plaintiff became a passenger.

The defendant, at the trial above described, also alleged an exception on the ground that the jury were instructed to find for the plaintiff if she was injured only by reason of the crowding of the other passengers, but it was *held* that, although some parts of the charge were open to that objection, taking the charge in its entirety, it appeared that the jury were correctly instructed and that there was no reversible error.

TORT for personal injuries alleged to have been received on November 30, 1917, when the plaintiff, a passenger on an elevated train of the defendant, was thrown from a crowded car upon the opening of the centre door before the train came to a stop at Thompson Square station in Boston. Writ dated March 11, 1918.

In the Superior Court, the action was tried before *White,* J. Material evidence and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $2,100; and the defendant alleged exceptions.

The case was argued at the bar in March, 1920, before *Rugg,* C. J., *Braley, Crosby, Carroll, & Jenney,* JJ., and afterwards was submitted on briefs to all the Justices.

*J. T. Hughes,* for the defendant.

*S. Kalesky,* for the plaintiff.

CARROLL, J. The plaintiff, a passenger on one of the defendant's cars, was injured. She testified that as she approached her destination she left her seat and stood in the centre of the car with her shoulder against the door; that the car was "crowded" and "jammed" and contained two or three hundred people; that she had no opportunity to hold on to a strap and because of the crowd could not move; that as the car approached Thompson Square, her destination, and while the train was moving at the rate of ten or twelve miles an hour, the centre door against which she was leaning was opened and the crowd pushed her from the car to the platform where she was thrown on her hands and knees,

the car proceeding from this point about sixty feet before it came to a stop. She further testified that to the best of her knowledge she was the only passenger who left the car by the centre door at this station. The defendant's motion for a directed verdict was denied.

On the evidence presented it was for the jury to say whether the defendant was negligent; the judge could not grant the defendant's motion. The opening of the centre door of such a car as is in use on the defendant's railway, when the train is moving and the car is so crowded that some of the passengers could not move, is evidence of negligence. Under such circumstances the defendant should have known that its passengers might be exposed to injury and it was possible to have prevented it. While the mere fact that a car is crowded is not of itself evidence of negligence and a street railway company is not at fault in failing to prevent passengers from crowding, if there is no reason to expect that anything unusual will happen, *Willworth* v. *Boston Elevated Railway,* 188 Mass. 220, 222, *Field* v. *Boston Elevated Railway,* 188 Mass. 222, *Seale* v. *Boston Elevated Railway,* 214 Mass. 59, *MacGilvray* v. *Boston Elevated Railway,* 229 Mass. 65, *Knowles* v. *Boston Elevated Railway,* 233 Mass. 347, such a carrier of passengers may be found to be negligent if it permits the centre door of a crowded car to be opened while the car is in motion, and where passengers may be pushed or crowded from it; even though there would be no negligence in permitting the car to be crowded, and the mere opening of a door might not be careless under ordinary conditions. The fact that the car was overcrowded called for such care on the defendant's part as was appropriate to this condition and there was no error in submitting the case to the jury. The case at bar is to be distinguished from *Knowles* v. *Boston Elevated Railway, supra,* where the plaintiff's case rested on the fact that the car was crowded.

The defendant asked the trial judge to instruct the jury: "It is not negligent for a guard or brakeman to open the door of a car before the train comes to a stop as the train comes into a station." The defendant cannot complain of the manner in which this request was dealt with by the presiding judge. He told the jury that "the opening of the door . . . standing by itself alone is not, even although it was before the car had fully

arrived at Thompson Square, is not negligent on the part of the defendant and does not give the right to the plaintiff in and of itself to recover." We find no error in the instruction given. The mere opening of a car door while the car is moving, is not of itself an invitation to alight from the car, and does not show that the carrier was negligent, *Hannon* v. *Boston Elevated Railway,* 182 Mass. 425, 426, *Elger* v. *Boston Elevated Railway,* 226 Mass. 84, although it may be evidence of negligence to open the door of a moving car where, because of the crowd, a passenger is unable to hold her place when the door is opened, and injury to her might be anticipated. See *Hannon* v. *Boston Elevated Railway, supra,* at page 427.

The defendant excepted to that part of the judge's charge where the jury were instructed with reference to the crowding of the car after the plaintiff became a passenger. It is settled that no negligence is shown by the mere crowding of a car and it is immaterial that the crowding took place after the plaintiff became a passenger. *Knowles* v. *Boston Elevated Railway, supra. Willworth* v. *Boston Elevated Railway, supra.*

While the judge in the course of his charge called the jury's attention to the fact that the defendant permitted the car to become crowded after the plaintiff entered, and that this circumstance might be of importance in determining the liability of the defendant, we do not think the jury were misled by the statement, nor instructed to consider the crowding of the car apart from the other circumstances in the case and to find the defendant negligent simply because the car became crowded following the plaintiff's entry. The jury were distinctly told that the plaintiff complained because the car was so packed with people that she was held with her shoulder against the door; that the door was opened and she was pushed from the moving car. They were told that the plaintiff could not recover merely because the door was opened before the car reached the station, nor because of the crowded condition of the car without reference to the other facts in the case; and taking the charge as a whole, the jury could not have understood that they could find the defendant to have been at fault simply because the car became crowded after the plaintiff became a passenger.

The defendant also excepted to that portion of the charge

where the jury's attention was called to the pushing of the crowd against the plaintiff, — the defendant contending that the jury were instructed to find for the plaintiff if, only by reason of the crowding of the other passengers, she was injured. The pushing and crowding of passengers in their haste to get on and off a street car is one of the incidents of such travel and for this, standing by itself, the defendant was not responsible. While there are some parts of the charge which, taken alone, tend to support the defendant's contention, we cannot think that the jury were misled in this respect. In fact, after referring to the crowded condition of the car and the plaintiff's position, the judge called the jury's attention to the point whether, under the circumstances, the guard should not have reasonably anticipated that there might be danger in opening the door. Near the end of the charge they were told that the defendant was not responsible for such action of the passengers as it had no reason to anticipate; and that they were called upon to decide whether, in view of the crowded condition of the car, there was danger in opening the door without warning. Although some parts of the charge are open to the defendant's contention, taking it in its entirety, in the opinion of a majority of the court the jury were correctly instructed and there was no reversible error.

*Exceptions overruled.*