JUNE ROGERS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    October 16, 17, 1923. — October 17, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Negligence,* Street railway.

At the trial of an action of tort by a woman against a street railway company for personal injuries alleged to have been received when the plaintiff was "precipitated" from a so called "snake car" of the defendant to the ground through negligence of the defendant, the only evidence was testimony of the plaintiff, which tended merely to show that, when she boarded the car, she had ample room; that, after she was seated, the car became crowded; that as she approached her destination " she got up and tried to get near the door and with hard struggling and pulling she managed to get out to the vestibule; that then she got pushed out of the door; that the conductor was standing at his post in the vestibule or centre compartment; that he never said a word; that he stood right there; that when she went through the door, she didn't know what happened to her; . . . that the conductor . . . started the car right off, and did not move from his post." A verdict was ordered for the defendant. *Held,* that the verdict rightly was ordered.

TORT for personal injuries received when the plaintiff, a passenger on a car of the defendant, "was crowded and precipitated from said car to the ground and severely and permanently injured in consequence of the negligence of the defendant and its agents and servants, while acting in the course of their employment as said agents and servants, when she was in the act of alighting at a usual stopping place." Writ dated December 20, 1916.

The action was tried before *Flynn,* J. The entire testimony relating to the accident, as stated in the record, was as follows:

The plaintiff testified that on the afternoon of the day in question "at about ten minutes past seven in the afternoon, she took passage on one of the defendant's cars on the lower level of the Forest Hills station . . . on her way from Boston, . . . in the direction of West Roxbury . . . , that she entered the car by the front door and got a seat and was seated

all the way from the station to the first stop; that the car
waited a while after she got in, and it got quite crowded;
that a good many passengers got on afterwards and the car
became very crowded; that it was jammed full; that 'they
were mostly leaning over on you where you were seated it
was so crowded in the passage;' that the condition of the
center compartment was just as bad; that the whole car
was jammed full; (it was admitted that the car in question
was a so called 'snake car') that when nearing the first
stop, she got up and tried to get near the door and with hard
struggling and pulling she managed to get out to the vesti-
bule; that then she got pushed out of the door; that the
conductor was standing at his post in the vestibule or centre
compartment; that he never said a word; that he stood
right there; that when she went through the door, she didn't
know what happened to her; that she 'fell all down — fell
right down in a lump;' that she fell all right in a heap on her
elbows with her leg underneath; that she didn't notice — ;
that the conductor did not take her name or inquire of her
whether she was hurt; that he did not say a word; that he
started the car right off, and did not move from his post."

At the close of the plaintiff's evidence, the trial judge
ordered a verdict for the defendant.   The plaintiff excepted.

*W. A. Buie,* for the plaintiff.

*J. E. Hannigan,* for the defendant.

BY THE COURT.   The plaintiff became a passenger upon a
car of the defendant at a time when there was ample room
for her to enter and take a seat.   Subsequently the car
became very crowded.   On approaching her destination,
to quote her testimony, " she got up and tried to get near
the door and with hard struggling and pulling she managed
to get out to the vestibule; that then she got pushed out of
the door; that the conductor was standing at his post in the
vestibule or centre compartment; that he never said a word;
that he stood right there; that when she went through
the door, she didn't know what happened to her; . . . that
the conductor did not take her name or inquire of her whether
she was hurt; that he did not say a word; that he started
the car right off, and did not move from his post."   There

is no evidence of breach of duty by the defendant. The case is governed by numerous decisions. *Geddes* v. *Metropolitan Railroad,* 103 Mass. 391. *Tompkins* v. *Boston Elevated Railway,* 201 Mass. 114. *McCumber* v. *Boston Elevated Railway,* 207 Mass. 559. *Seale* v. *Boston Elevated Railway,* 214 Mass. 59. *Gascievicz* v. *Boston Elevated Railway,* 222 Mass. 266. *Knowles* v. *Boston Elevated Railway,* 233 Mass. 347. *Ritchie* v. *Boston Elevated Railway,* 238 Mass. 473.

*Exceptions overruled.*