MARY DULLEA *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 20, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Street railway: boisterous crowd.

A woman, a passenger on a street railway car, who, when attempting to alight, was injured by reason of a boisterous and violent crowd, which was attempting to board the car and which was uncontrolled by an employee of the defendant, is not entitled to recover from the street railway company if the evidence tends to show merely that the employee of the defendant expected the presence of the crowd, but there was no evidence tending to show that the defendant or its employees had reason to expect that the crowd would be boisterous, violent and unruly.

At the trial of an action of the character above described, it appeared that the crowd had emerged from a boxing match being held in a nearby hall, that the match probably would have continued half an hour longer but terminated when it did because of a foul; that a division superintendent of the defendant, when asked if he had detailed any additional men at this place on the night in question, replied that he did not recall; and in answer to the next question, "You did not see the crowd at all?"

answered, "So far as I remember now, of course those things occur three or four times a week, I am usually there once or twice a week; " and that he knew three or four days before that the boxing match was to occur. *Held*, that there was no evidence warranting a finding that the defendant ought to have anticipated that the crowd would be boisterous, violent or unruly.

TORT for personal injuries received by a passenger when attempting to alight from a street car of the defendant in a crowd. Writ dated January 4, 1922.

In the Superior Court, the action was tried before *Burns*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor and also asked for the following rulings:

"1. That on all the evidence the plaintiff is not entitled to recover.

"2. There is no evidence of negligence on the part of the defendant, its agents or servants.

"3. The defendant is not liable for the actions of the crowd boarding the car in question unless it had notice of the boisterous and unruly character of the crowd in time to safeguard against it and unless it further appears that having such notice it was reasonably possible for the defendant to have prevented the plaintiffs injuries."

The motion was denied and the rulings above quoted were refused. The jury found for the plaintiff in the sum of $1,550. The defendant alleged exceptions.

*C. W. Mulcahy*, for the defendant.

*C. D. Driscoll*, (*R. S. Driscoll* with him,) for the plaintiff.

CARROLL, J. The plaintiff in her declaration alleges in substance that she was a passenger on one of the defendant's cars, in the exercise of due care, and while leaving the car near the corner of West Newton Street and Huntington Avenue, Boston, she was pushed and injured by a crowd of people who were attempting to board the car; that the defendant was negligent in failing to protect the plaintiff from the wrongful acts of those attempting to board the car by " properly providing some one to restrain the crowd, said defendant having full knowledge that at the time of the

alleged accident there was likely to be a crowd at the time and place of the accident." At the conclusion of the plaintiff's evidence the defendant's motion for a directed verdict was denied. The jury found for the plaintiff.

The evidence shows that the plaintiff was a passenger; that at about thirty minutes after ten o'clock on the evening of January 18, 1921, as she was attempting to alight near the corner of Huntington Avenue and West Newton Street (Mechanics Building being located on the westerly side of Huntington Avenue, opposite West Newton Street); that when the conductor opened the door " there was a big crowd and they were rushing and swearing and trying to get on the car . . . the crowd pushed in on her and she was crowded off the car " as she was standing in the vestibule, " one ' great, big ' man who was the first to get in the car struck against her." It appeared that a " boxing match " was held on the night in question, at Mechanics Building. It was attended by four or five thousand people; that the main bout would have been continued probably until eleven o'clock, but it ended with a foul about 10:30; that as soon as the match was over, the crowd went to the street; that a "noisy, boisterous and violent" crowd of about six hundred were waiting for the car, "all pushing and shoving, their hands going . . . fighting to get on the car"; that as the plaintiff was getting off the car, the crowd pushed her off.

The division superintendent of the defendant testified that extra cars were supplied that night because of the boxing match at Mechanics Hall; that he knew probably " three or four days beforehand that a boxing match was to take place at Mechanics Building " on the night of the accident. He did not recall that he " detail [ed] anyone there that particular night " ; that so far as he remembered " those things occur three or four times a week."

The fact that a large number of people was present, that they were boisterous and violent in their attempt to board the car, and that the passenger was injured by this conduct, did not impose liability upon the defendant. *Ritchie* v. *Boston Elevated Railway,* 238 Mass. 473, and cases cited. *Sack* v. *Director General of Railroads,* 245 Mass. 114. *Rogers*

v. *Boston Elevated Railway*, 246 Mass. 478.   In *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341, *Morse* v. *Newton Street Railway*, 213 Mass. 595, *Franz* v. *Holyoke Street Railway*, 239 Mass. 565, the carrier was held liable for the passenger's injury because it should reasonably have anticipated that a crowd would be present and likely to act in a manner dangerous to the other passengers.   But the record in the case at bar fails to disclose any evidence that the defendant, or its servants or agents, from information or former experience, ought to have foreseen that on this night, at this time, a crowd of violent and boisterous people would attempt to board the car, and that, having been informed, or having reason to expect this occurrence, the duty was imposed on the defendant to take proper precautions to guard the plaintiff and other passengers from violence and injury.   *Jackson* v. *Boston Elevated Railway*, 217 Mass. 515. *Gascievicz* v. *Boston Elevated Railway*, 222 Mass. 266.

The fact that the division superintendent of the defendant, when asked if he had detailed any additional men at this place on the night in question, replied that he did not recall; and in answer to the next question, " You did not see the crowd at all? " answered, " So far as I remember now, of course those things occur three or four times a week, I am usually there once or twice a week," does not imply that the defendant knew or reasonably ought to have anticipated that a violent throng of men such as the plaintiff described would be present.   Even if it were known that a crowd would be present at the time in question the defendant would not be liable because of this, as there was nothing to show any previous misconduct such as the plaintiff relied on to establish the defendant's negligence.   The motion for a directed verdict should have been granted.

*Exceptions sustained.*