## BARRAGATE v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11565. Decided May 25, 1931

Irwin Geiger, Cleveland, for Barragate.
Squire, Sanders & Dempsey, Cleveland, for Cleveland Railway Co.

MAUCK, PJ, BLOSSER and MIDDLETON, JJ, (4th Dist), sitting.

MAUCK, PJ.

The statement made by the plaintiff was in some respects not so clear as it might have been. It is capable of an interpretation that the crowd behind the plaintiff propelled her from the street before she became a passenger on to the car steps and that this propulsion continued until the injury. The statement, however, interpreted in the light of the petition did not mean this. What plaintiff's counsel said is fairly construed to mean that after the plaintiff had succeeded in getting on the first step of the car she was pushed by the shoving crowd behind her down on the steps and platform and we interpret this statement to be equivalent to a proposal to prove that after the plaintiff had become a passenger the defendant afforded her no protection from the mass movement behind her.

It was further proposed to prove that at the place in question, and at the time of day in question, large crowds gather and for many years have gathered for the purpose of boarding this particularly scheduled car of which, of course, the defendant must have had knowledge.

It is not necessary to analyze the numerous cases cited in the masterly briefs filed. The defendant in error has taken the position that the statement on which the judgment was predicated disclosed that the plaintiff was not a passenger and that her injuries were sustained by the crowd pushing against her, the crowd being in the public street where the defendant had neither the power nor duty to control it. Our in-

terpretation of the statement is so far different that we conclude that none of the Ohio authorities reach the question at issue but that under the doctrine of Franz v Holyoke Street Railway, 60, 239 Mass. 565, the plaintiff had a right to go to the jury on the question of whether the defendant had afforded her the protection to which she was entitled after she got on the car.

We conclude that the trial court was wrong in directing a verdict.

The judgment is reversed and the cause remanded for further proceedings according to law.

MIDDLETON and BLOSSER, JJ, concur.