*S. Stern*, pro se.

MARGARET T. O'NEILL *vs.* S. S. KRESGE COMPANY. October 25, 1944. Exceptions overruled. The plaintiff sustained bodily injury in the defendant's retail store when another woman, apparently a customer, pushed against her a gocart containing a child. No regulation of the defendant prohibited such vehicles in the store. There was no evidence of fault on the part of the defendant unless its failure to exclude such vehicles from its store was evidence of fault. We think it was not. *Cutler* v. *Jordan Marsh Co.* 265 Mass. 245. *Andrews* v. *Jordan Marsh Co.* 283 Mass. 158. *Fiske* v. *Boston Elevated Railway*, 289 Mass. 598. *Rich* v. *Boston Elevated Railway*, 316 Mass. 615.

J. HENRY O'NEILL *vs.* S. S. KRESGE COMPANY. October 25, 1944. Exceptions overruled. The plaintiff sues for consequential damages resulting from an injury to his wife, Margaret T. O'Neill. For reasons stated in the rescript in her action against the same defendant, he cannot recover.

The cases were submitted on briefs.

*I. L. Jameson*, for the plaintiffs.

*K. C. Parker*, for the defendant.

GERDA NELSON *vs.* EASTERN MASSACHUSETTS STREET RAILWAY COMPANY. October 26, 1944. Exceptions overruled. Judgment for defendant. There was no evidence of negligence of the defendant. The case is governed by *Ritchie* v. *Boston Elevated Railway*, 238 Mass. 473, *Rogers* v. *Boston Elevated Railway*, 246 Mass. 478, and *Parker* v. *Boston Elevated Railway*, 273 Mass. 345. See also *Knowles* v. *Boston Elevated Railway*, 233 Mass. 347; *Burns* v. *Boston Elevated Railway*, 244 Mass. 451; *Dullea* v. *Boston Elevated Railway*, 251 Mass. 56; and *Boyd* v. *Boston Elevated Railway*, 264 Mass. 364.

*G. L. Wainwright*, for the plaintiff.

*E. J. Campbell*, for the defendant, was not called on.

BOSTON SAFE DEPOSIT AND TRUST COMPANY, special administrator, & others *vs.* HARRIET GRACE SCOTT. November 9, 1944. Decrees affirmed. The Probate Court, after hearing, entered a decree allowing the first and final account of the Boston Safe Deposit and Trust Company as special administrator of the estate of Carrie Scott Merrill, and a decree allowing the first and final account of the Boston Safe Deposit and Trust Company, Charles A. Bean and Phillip H. Tirrell, executors of the will of said Carrie Scott Merrill. A legatee appealed from each of these decrees. The only item in the special administrator's account in dispute is the compensation of the special administrator, and the only item in the executors' account in dispute is the compensation of the executors. General Laws (Ter. Ed.) c. 206, § 16, as amended by St. 1941, c. 36, provides that an administrator or executor "shall have such compensation for services as the court may allow." This means compensation that is "just and reasonable." *Parker* v. *Hill*, 185 Mass. 14. *Kinion* v. *Riley*, 310 Mass. 338, 342, and cases cited. There is no special finding that the compensation involved in either account was "just and reasonable." But the allowance of the accounts imports such findings. See *Bearse* v. *Styler*, 309 Mass. 288, 291. All the evidence is reported. It cannot be said that upon this evidence the findings were plainly wrong. The decrees, therefore, are affirmed.

*E. D. Sharkey*, for the respondent.

*C. M. Rogerson*, (*J. E. Rogerson* with him,) for the petitioners.