MARGARET A. KELLEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 23, 1911. — January 2, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence,* Elevated railway, Street railway. *Passenger. Evidence,* Relevancy and materiality.

One who has arrived, upon a surface street car of a corporation operating both a surface and an elevated railway, at the lower level of a station of two levels maintained by the corporation, and then passes from the lower to the higher level to take a car which is to leave the station there, is a passenger of the corporation and is entitled to have the corporation exercise every reasonable precaution for his transportation in safety and for his protection against unlawful violence of other passengers and of its servants.

At the trial of an action against a corporation operating both a surface and an elevated railway for injuries alleged to have been received by a passenger who had arrived, on a surface street car operated by the defendant, at the lower level of a station of two levels maintained by it, and, having passed to the upper level, was caused to fall into a pit by violence of the crowd as he was attempting to board a car there, testimony, given by superintendents of various divisions of the defendant's system having knowledge of the subject matter, in regard to the arrangements at the station for the transfer of passengers from car to car and from level to level, to the methods necessary to effect such changes, and to the volume of travel and the sufficiency of the mode of service adopted at the station for the protection of passengers, is admissible.

At the trial of an action by a woman against a corporation operating both a surface and an elevated railway for injuries alleged to have been received by the plaintiff, who had arrived, on a surface street car operated by the defendant, at the lower level of a station of two levels maintained by it, and, having passed to the upper level, was caused to fall into a pit by violence of the crowd as she was attempting to board a car there, there was evidence tending to show that, as the plaintiff left the first car and was on her way to the second, she gradually was encompassed by other passengers moving toward the second car until,

as she neared it, she was carried forward by a crowd which was eager to board it, that as she reached the step to the car platform the weight of the mass of people had increased so that she was crowded and whirled to one side into the pit by contact with passengers who themselves could not resist the pressure, that the conductor of the car was absent and no measures were taken by any employee of the defendant then present to protect the plaintiff from the increasing danger to which she was exposed involuntarily, and that the congestion of passengers at that time of day, resulting from their number and eagerness to board cars waiting for them, was not an extraordinary circumstance. *Held,* that the question, whether the plaintiff's injuries were due to negligence of the defendant, was for the jury, who might have found that from the nature of its business the defendant should have foreseen the condition which gave rise to the plaintiff's injury and have provided against that injury by the adoption of reasonable expedients.

TORT for personal injuries received as the plaintiff was attempting to board a surface car of the defendant on the upper level of the defendant's station at Dudley Street in Boston at about 7.08 P. M. on December 5, 1905.    Writ dated December 15, 1905.

In the Superior Court the case was tried before *Lawton,* J.    It appeared that the plaintiff had arrived on a car from Dorchester on the lower level of the station and had proceeded to the upper level to take a car for Jamaica Plain, and that it was while she was attempting to board the Jamaica Plain car that she received injuries as described in the opinion.

The exceptions of the defendant to testimony of the " defendant's division superintendents," referred to in the second paragraph of the opinion, are stated in the bill of exceptions in substance as being " to all the questions put to the witnesses, Pasho, Tripp and Moore," (superintendent of the defendant's elevated division, superintendent of surface car transportation, and superintendent of surface car division number 1, respectively,) with regard to " whether or not it was a frequent thing for passengers " to run from the elevated trains down over the platform and the steps and the surface car platform in order to gain entrance to waiting surface cars, " and as to whether or not there was any system to prevent people making mad dashes from the elevated trains to the cars, or to prevent people from running," and as to rules and regulations affecting the conduct of employees of the defendant, and as to the number of passengers upon elevated trains that came into the station near 7 P. M., and as to rules posted in the station, and as to what percentage of the

persons who left elevated trains at that station took surface cars, and as to the number of passengers discharged at that station during the day, and as to what percentage of the persons who took surface cars on the upper level came from the street or lower level, and "to all questions along similar lines."

Other facts are stated in the opinion. The jury found for the plaintiff in the sum of $1,400; and the defendant alleged exceptions.

*J. T. Hughes,* for the defendant.

*E. Greenhood, (J. R. Larkin* with him,) for the plaintiff.

BRALEY, J.     The plaintiff, whose due care is not questioned, having been a passenger when injured, the defendant was bound to take every reasonable precaution for her transportation in safety, and to protect her against the unlawful violence of other passengers, and of its servants. *Jackson* v. *Old Colony Street Railway,* 206 Mass. 477, 485, 486.

The place of the accident was a terminal station arranged for the arrival and departure of cars over separate tracks located in the upper and lower sections of the building. It was essential to a clear understanding of the difficulties which the plaintiff claimed to have encountered, to explain the arrangements for the transfer of passengers from the cars upon which they arrived to those they must take to continue and complete their journey, and to describe the necessary steps to effect the change. The testimony of the defendant's division superintendents, introduced by the plaintiff, was admissible for this purpose, as well as to show the volume of travel, and the sufficiency of the mode of service adopted for the protection of passengers. *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341, 348.

The plaintiff came in on a surface car, and then went to the proper platform to take a car on a different level, and while at the rear platform of the car she fell into the pit below. It is at this point that the conflict in the evidence appears. The jury were not confined to the defendant's theory, that the accident happened through the mere misconduct of a passenger who heedlessly pushed her, and whose act could not have been reasonably anticipated and guarded against, but they had the right to accept the plaintiff's evidence as the true version of the cause of her fall and injury. It is necessary to refer only to the substantial

statements. The plaintiff as she left the first car, and while on her way to the second car, was gradually encompassed by other passengers moving toward it, until, upon reaching the station platform, at the place where she was ready to take the car, she was beset and carried forward by a hurrying crowd eager to get on board. When she reached the step to the car platform the weight of this mass of people had so increased, that she was crowded and whirled over into the pit by contact with passengers who could not themselves resist the pressure. It might have affected the weight of this evidence if the defendant's servants, whose duty it was to prevent passengers from being pushed and crowded or injured, had aided her, but she testified that the conductor was absent, and no measures were taken to protect her from this increasing danger to which she was involuntarily exposed. It is clear from this testimony, that the defendant's request that a verdict should be ordered for it could not be granted. The system of transportation was subject to its control, and in the discharge of its obligations as a carrier the jury could further find upon the evidence, that the congestion of passengers, resulting from their number and eagerness to board cars waiting for them, was not an extraordinary circumstance, but was rather a condition which should have been foreseen from the nature of the business, and provided for by the adoption of reasonable expedients. It follows, that the physical harm suffered by the plaintiff arose through the defendant's negligence in permitting a combination of passengers to press violently upon her, and, while not an assault, the wrong finally inflicted was none the less a violation of its duty, for which compensation in damages can be recovered. *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341. *Magee* v. *New York, New Haven, & Hartford Railroad,* 195 Mass. 111. *Jackson* v. *Old Colony Street Railway,* 206 Mass. 477. *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497.

*Exceptions overruled.*