ANNIE COLLINS *vs*. BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. November 10, 1913. — May 19, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, SHELDON, DE COURCY,
& CROSBY, JJ.

*Negligence*, Street railway, Elevated railway, In subway, In station. *Carrier*,
Of passengers.

If an elevated railway company, which operates its cars in part through a subway,
commonly permits a restless and surging crowd to assemble upon a platform of a
station in the subway during certain hours of each day and to be uncontrolled,
it is liable for personal injuries received by a passenger upon such platform who,
while waiting to take a train, was pushed by such an uncontrolled crowd, as it
surged forward to enter a train which had come into the station, into an open
space between the station platform and a car platform.

TORT for personal injuries suffered when the plaintiff, while
she was waiting upon the platform of the Boylston Street subway
station in Boston for an elevated train then passing through the
subway, was pushed from her feet by the crowd and forced into
an open space between the platform and the train. Writ dated
July 3, 1907.

In the Superior Court the case was tried before *Wait*, J. Ma-
terial facts shown by the evidence are stated in the opinion.

At the close of the evidence the judge ordered a verdict for the
defendant and reported the case with the following stipulation:
"If my ruling is wrong a verdict shall be entered for the plaintiff
Collins in such an amount as may be determined upon by the
arbitration of Doctors W. A. Brooks, Jr., and J. J. Thomas. If
they are unable to agree they shall call in as a third arbitrator
Dr. E. W. Taylor and the award of any two of them shall be
final."

*J. G. Walsh*, for the plaintiff.

*F. W. Knowlton*, (*A. J. Santry* with him,) for the defendant.

RUGG, C. J. The plaintiff seeks to recover damages for injuries
sustained while trying to board an elevated train in the subway
station at Boylston Street. Her testimony was in substance that
she waited there three or four minutes for the train: that there
was a very large crowd, which grew larger and larger while she

was waiting: that there wasn't much chance to move up, there was such a crowd, "and just before the train came in, the crowd grew all around her; that as the car came in and the door opened 'I was taken off my feet and I was pushed right into this space' [by the] pushing crowd, the surging crowd all around me;" that she struck against the car and went down into the open space, where she was injured. In reply to the question, "What do you mean by 'surging all around,'" she said, "Swaying back and forth." The plaintiff's companion testified, "The crowd was pushing all the time from the time we entered, almost; there was a restless crowd there all the time; and she [the plaintiff] was pushed into this hole by the force of the crowd." There was evidence that the plaintiff had been in the habit of taking the train at this station at about the same hour, and that the conditions as to the crowd and its actions on other occasions were identical with those on this night.

The subway and its platform were designed and constructed by public authority, acting through the Boston transit commission, and have been leased to the defendant company. Having had no control over the plan or the size of the platform, the defendant is not responsible for the existence of spaces between the cars and the platform. *Willworth* v. *Boston Elevated Railway,* 188 Mass. 220. *Hilborn* v. *Boston & Northern Street Railway,* 191 Mass. 14. *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499, 509. The case at bar, in respect of the conduct of the crowd and its effect upon the plaintiff, is distinguishable in its facts from *Anshen* v. *Boston Elevated Railway,* 205 Mass. 32, where the plaintiff put the emphasis of her case upon the open space between the fixed platform and the car, and the failure of the defendant to provide a movable platform, and also from *Seale* v. *Boston Elevated Railway,* 214 Mass. 59.

The plaintiff's contention does not rest upon the existence of the open space, but upon the uncontrolled conduct of a restless and surging crowd heedless of the safety of individuals, such as commonly the defendant permitted to be upon its platform at this place. The case is indistinguishable in its salient facts from *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341, and is governed by the principles there stated at length. To the same effect see *Beverley* v. *Boston Elevated Railway,* 194 Mass. 450;

*Kelley* v. *Boston Elevated Railway*, 210 Mass. 454; and *Coy* v. *Boston Elevated Railway*, 212 Mass. 307.

In accordance with the terms of the report let the entry be

*Case to be submitted to arbitrators to determine damages.*