CLEMENTINE M. EATON *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Norfolk.    March 14, 1917. — May 25, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence*, Railroad.   *Evidence*, Materiality.

A common carrier is not responsible for injuries to a passenger caused by the misconduct of others which it could not have foreseen and guarded against.

At the trial of an action by a woman against a railroad corporation, it appeared that, in the evening of a day when railroad traffic was much impeded by a snow-storm and there was a large crowd at a terminal station of the railroad, the plaintiff got upon the platform of a car where already there were a woman and a little girl, that just as she reached the centre of the platform a stout man came out of the car and threw her against a brake wheel, that others were following him, that there was not room for both the plaintiff and the stout man and that the plaintiff was thrown against the brake wheel by the stout man and was held there some minutes "because there were others on," and that as soon as the stout man got away from the plaintiff "he went down the steps and the others followed down the steps." *Held*, that the evidence did not warrant a finding that the plaintiff's injuries were due to misconduct of a large crowd or to the crowded condition of the car or to any negligence of the defendant.

At the trial above described, it clearly appearing that the crowded condition of the cars could not have contributed in any way to the plaintiff's injuries, it was

proper to exclude a question, asked by the plaintiff of an employee of the defend-
ant, "Don't you think on that night if four trains failed to go and the pas-
sengers which would ordinarily go in those four trains were put on to two trains
that extra cars ought to be put on to accommodate them?"

CONTRACT OR TORT to recover damages for negligence or breach
of the defendant's contract as a carrier whereby the plaintiff
received personal injuries by being pushed against a brake wheel
of one of the defendant's cars while boarding the car in the South
Terminal station at Boston on December 24, 1912. Writ dated
October 2, 1914.

In the Superior Court the case was tried before *Keating,* J.
The material evidence is described in the opinion. At the close
of the plaintiff's evidence the judge subject to an exception by
the plaintiff ordered a verdict for the defendant and reported
the case for determination by this court.

*H. B. Mackintosh,* for the plaintiff.

*Joseph Wentworth,* for the defendant, was not called upon.

CROSBY, J. This is an action to recover for personal injuries
alleged to have been received by the plaintiff while upon the
platform of one of the cars of the defendant. The accident occurred
at the South Terminal station in Boston on the evening of Decem-
ber 24, 1912. There was evidence that there was a snow-storm
that night and that it had been storming all day, which had
interfered with the operation of trains. There was also evidence
that there was a large crowd at the station that night.

The plaintiff testified that she boarded the 8:45 train from
Boston to go to her home in Needham; that she waited until
everybody had got upon the car and then proceeded up the
steps and got on the platform; that there were a woman and a
little girl upon the platform at that time; that just as she reached
the centre of the platform a stout man came out of the car and
threw her against the brake wheel; that there were others following
him. In describing the accident the plaintiff testified in part as
follows: "Well the minute he left the car he threw me against
the brake wheel, he was so stout there wasn't room for the two of
us. . . . He threw me against the brake wheel and held me there
by the others a minute or two, held me there some minutes because
there were others on. . . . As soon as he got away from me, he
went down the steps and the others followed down the steps."

There was nothing to show that the presence of the woman with the little girl, who was on the platform when the plaintiff boarded the car, in any way impeded the plaintiff's progress or contributed to the accident, which, on the undisputed evidence, was caused by the plaintiff and the stout man being upon the platform at a point opposite the brake wheel, where the space was too narrow for them to pass at the same time. While there was evidence that the car which the plaintiff boarded was crowded, there was no evidence that there was any commotion or disturbance, or that anyone was pushing or crowding the stout man. If he was careless or ungentlemanly in his conduct, as the plaintiff contends, the defendant cannot for that reason be held liable for her injuries. A common carrier is not responsible for injuries to a passenger caused by the misconduct of others, which it could not have foreseen and guarded against. *Marr* v. *Boston & Maine Railroad,* 208 Mass. 446. *Jackson* v. *Boston Elevated Railway,* 217 Mass. 515.

There was no evidence to show that the plaintiff's injuries were due to misconduct on the part of the large crowd at the station or to the crowded condition of the car, which the defendant ought to have foreseen and guarded against. Accordingly the principles of law stated in *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341, *Beverley* v. *Boston Elevated Railway,* 194 Mass. 450, and *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497, do not apply.

The plaintiff's exception to the action of the trial judge in striking out of her answer the words "people who were unable to get seats" cannot be sustained. It is sufficient to say that the part of the answer stricken out was not responsive to the question.

The question "Did you hear any remarks made by passengers who had gone forward to get seats at that time?" was objected to by the defendant, and was excluded. No exception to its exclusion was saved by the plaintiff; therefore its competency is not before us. *Ogden* v. *Aspinwall,* 220 Mass. 100.

The plaintiff's counsel asked an employee of the defendant, "Don't you think on that night if four trains failed to go and the passengers which would ordinarily go in those four trains were put on two trains that extra cars ought to be put on to accommodate them?" This question was excluded subject to the plaintiff's

exception. As it clearly appears that the crowded condition of the cars could not have been found to have contributed in any way to the injury which the plaintiff sustained, the question was immaterial, and for this reason the exception to its exclusion must be overruled.

The judge rightly ruled that the plaintiff was not entitled to recover. In accordance with the terms of the report the entry must be, judgment for the defendant on the verdict.

*So ordered.*