CATHERINE MacGILVRAY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 15, 1917. — January 2, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway, In subway station. *Street Railway.    Carrier,* Of passengers.

Where a corporation operates a street railway that passes through subways in Boston and where at certain subway stations in the evening after the closing of the theatres there usually is a large crowd of passengers, who push and jostle one another in trying to get their respective cars, but where it does not appear that the crowd was boisterous, disorderly or violent, the existence of such a crowd so comporting itself at a subway station at this hour, even if it results in an injury to a passenger, is not evidence of negligence on the part of the corporation.

If in returning home in the evening after attending a theatre a woman gets into a dense crowd at a subway station, where she is trying to take a car, and, as she is about to step over a space twelve or thirteen inches wide between the station platform and the step of the car, she is pushed or thrown down by some person from behind into the open space and thereby is injured, this is not evidence of negligence on the part of the corporation operating the car she was attempting to board, because the corporation reasonably could not have anticipated and guarded against such an act of violence committed by one person.

The existence of a space of twelve or thirteen inches between a subway platform and a car operated in the subway which passengers are invited to enter is not evidence of negligence on the part of the operating corporation.

Where a woman passenger before stepping from the platform of a subway station to a car operated in the subway sees a space of twelve or thirteen inches between the platform and the step of the car and then is pushed into the space and injured, she cannot contend that her injury was caused by the failure of the operating corporation to warn her of the existence of the space which she noticed before her injury.

TORT for personal injuries received shortly after half past ten o'clock on the evening of March 26, 1915, in the Boylston Street subway station in Boston by reason of falling or being pushed into an open space between the station platform and the step of an electric car of the defendant which the plaintiff by the defendant's invitation was attempting to enter as a passenger. Writ dated May 14, 1915.

In the Superior Court the case was tried before *Dana, J.* The evidence is described in the opinion. Upon the evidence the judge was of the opinion that the plaintiff as matter of law was not entitled to recover and accordingly ordered a verdict for the defendant and at the request of the plaintiff reported the case for determination by this court. If the plaintiff was entitled to go to the jury, the case was to stand for a new trial; if not, judgment was to be entered for the defendant on the verdict.

*R. E. Johnston,* for the plaintiff.

*E. P. Saltonstall,* for the defendant.

CROSBY, J. The plaintiff was injured by being pushed into an open space between the station platform and the entrance to a car which she was attempting to board in the Boylston Street subway station. The accident occurred in the evening while the plaintiff was on her way home from the theatre. She testified that there was a dense crowd at the subway station when she reached there accompanied by two acquaintances, from whom she became separated. She further testified that "When she was about to get on the car, she noticed there was a space of twelve or thirteen inches wide between the subway platform and the car and, as she stepped forward to make the car step, she was pushed from behind, and thrown around, and fell into an open space between the car entrance and the subway station platform, and was injured. It was some person behind that pushed her. It was the kind of a push that pushed her down. She did not know whether the person that pushed her got on to the car. The plaintiff heard no warning of the existence of this space. . . . After the theatre she always noticed that the subway station was crowded, and that the crowd pushed and shoved for cars." A witness called by the plaintiff (who was with her at the time of the accident) testified "that there was the usual after-theatre crowd, and the usual pushing and jostling and crowding; . . . all she saw was the people

trying to work their way through the crowd and trying to get their car; that the station master came from the front end of the car, pushing his way through the crowd; . . . that she had been at the Boylston Street subway station on other occasions after the theatre and it was usually the same, that is, the crowds were pushing and jostling and crowding."

The defendant as a carrier of passengers for hire was bound to exercise the highest degree of care, consistent with the nature and extent of its powers to protect the plaintiff from all dangers that were naturally and ordinarily to be expected. It was also its duty to use proper precautions to protect her from injury caused by the misconduct of other passengers which ought reasonably to have been anticipated and guarded against.

While there was evidence that there was a large crowd at the subway station on the evening in question, that alone is not evidence of negligence of the defendant. It is a matter of common knowledge that the subway stations along the defendant's railway are frequently crowded; such conditions are unavoidable in view of the nature and extent of the defendant's business. There also was evidence to show that on this occasion there was crowding, pushing and jostling; but there is bound to be crowding, pushing and jostling where a large number of persons are at such a station, each endeavoring to get a car which will carry him to his destination.

The evidence in this case is not of such a character as to show any conduct on the part of the passengers which the defendant should have anticipated and guarded against. Unlike the case of *Danovitz* v. *Blue Hill Street Railway*, 218 Mass. 42, and other cases relied on by the plaintiff, there was nothing to indicate that on this occasion the crowd was boisterous, disorderly, or violent; accordingly there was no evidence of negligence in this respect on the part of the defendant.

The case at bar is governed by cases like *McCumber* v. *Boston Elevated Railway,* 207 Mass. 559, *Jackson* v. *Boston Elevated Railway*, 217 Mass. 515, *Gascievicz* v. *Boston Elevated Railway,* 222 Mass. 266. Such cases as *Kuhlen* v. *Boston & Northern Street Railway*, 193 Mass. 341, *Beverley* v. *Boston Elevated Railway*, 194 Mass. 450, *Collins* v. *Boston Elevated Railway*, 217 Mass. 420, are not applicable upon the facts as presented by this record.

Upon the evidence most favorable to the plaintiff, it conclusively appears that she was injured (as she testified) by being pushed and thrown down by some person from behind. It is plain that such an act of violence committed by a single individual could not reasonably have been anticipated and guarded against by the defendant, and therefore is not evidence of its negligence. *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497. *Eaton* v. *New York, New Haven, & Hartford Railroad,* 227 Mass. 113.

The existence of a space twelve or thirteen inches wide between the subway platform and the car is not evidence of negligence. *Willworth* v. *Boston Elevated Railway,* 188 Mass. 220. *Hilborn* v. *Boston & Northern Street Railway,* 191 Mass. 14. *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499. *Seale* v. *Boston Elevated Railway,* 214 Mass. 59. The space was in plain sight and could be seen by any person attempting to board the car. The plaintiff testified that as she was about to get on the car she noticed the space. Under these circumstances, if the defendant failed to warn the plaintiff of the danger, such failure could not be found to have contributed to the accident. It follows that, if the plaintiff was not warned of the danger, that fact was not evidence of negligence of the defendant. *Altavilla* v. *Old Colony Street Railway,* 222 Mass. 322.

In accordance with the terms of the report, the entry must be

*Judgment for the defendant on the verdict.*