HELEN L. BRYANT *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    October 17, 1918. — April 11, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway, Crowd in subway station. *Boston Elevated Railway Company. Carrier,* Of passengers.

The Boston Elevated Railway Company is not responsible for the location and construction of the platform in the station of the Tremont Street subway in Boston, which was built by the Boston transit commission and was leased to the company, nor is it negligent if a passenger is injured while entering a car by reason of the fact that the car stopped at a curve in the platform, leaving an unusual space between the platform and the car step.

If, when a woman passenger in the exercise of due care was attempting to enter a street car in a subway station, she was caused to fall between the car and the station platform by reason of her being caught and carried off her feet by a crowd pushing about her, and it appears that, previous to the accident, there was "always a crowd of people" who "were always pushing" at that hour of the day in that station, and that it was very hard to get a car there, such passenger can recover for her injuries in an action of tort against a street railway company which operated the car and was in control of the subway station.

It was not necessary, in order that the street railway company should become in duty bound to take adequate measures to control the crowd above described, for the protection of its passengers, that the crowd should be so violent, riotous and disorderly as to endanger and disturb the public peace.

Upon the evidence in the action above described, it was *held* that the plaintiff, in entering the subway station under the conditions described, had not assumed the risk of being injured by the action of the crowd.

At the trial of the action above described, where there was evidence as to the habitually boisterous and turbulent character of the crowd at the station at the hour in question, the fact that an employee of the defendant at that station,

called by the plaintiff, testified that "there was no crowding" and also testified that the defendant's employees then on duty were sufficient in number to meet any reasonable demand by the assembled passengers for protection against physical injury likely to result from violent and excessive overcrowding of passengers while properly attempting to load the cars, was. *held* not to warrant a ruling that there was no evidence that the defendant failed to furnish an adequate number of employees to handle the crowd nor a ruling that there was no evidence that the employees were negligent at the time of the plaintiff's accident.

Tort for personal injuries received when the plaintiff was attempting to board a surface car of the defendant in the Park Street station of the Tremont Street subway in Boston. Writ dated October 11, 1915.

In the Superior Court the action was tried before *Hall*, J. The material evidence is described in the opinion. The defendant rested at the close of the plaintiff's evidence and moved that a verdict be ordered for it. The motion was granted, and the judge reported the case for the determination of this court, judgment to be entered on the verdict if it was ordered properly, and, if the case should have been submitted to the jury, judgment to be entered for the plaintiff in the sum of $750.

The case was argued at the bar in October, 1918, before *Rugg*, C. J., *Braley, De Courcy, Crosby, & Pierce,* JJ., and afterwards was submitted on briefs to all the justices.

*H. Guild,* (*E. R. Anderson* with him,) for the plaintiff.

*E. P. Saltonstall,* for the defendant.

Braley, J. The jury on her evidence would have been warranted in finding that, having paid her fare, the plaintiff whose due care is not questioned, was waiting at the station for the arrival of the car on which she intended to take passage, and that, having started for the car when it came in and while attempting to reach it, she was caught and carried off her feet by a crowd pushing about her and was thrown into a space between the edge of the platform and a car standing in the station which had stopped for the purpose of permitting passengers to board the car. A further finding would have been warranted, that before the accident and during the hours shown by the record when the accident occurred, "there was always a crowd of people and they were always pushing and it was very hard to get your car."

While the jury also could find that the car which the plaintiff

intended to take stopped slightly on a curve, and that the space between the edge of the platform and the running board might have been avoided if the car had come to a stop where the edge of the platform was straight, the defendant is not responsible for the location and construction of the platform which was built by the transit commission and leased to the company, or negligent because the car stopped on a curve. *Hilborn v. Boston & Northern Street Railway,* 191 Mass. 14. *Plummer v. Boston Elevated Railway,* 198 Mass. 499, 508.

The proximate cause alleged in both counts of the declaration, which are stated to be for one and the same cause of action, is that the uncontrolled action of a restless crowd pushed the plaintiff into the open space or hole intervening between the edge of the platform and the car. If the defendant's contention, that permitting the platform to be crowded to repletion does not of itself constitute negligence, may be conceded (*Jackson v. Boston Elevated Railway,* 217 Mass. 515), the company further contends, that unless the action or conduct of "the crowd is so boisterous and turbulent as to be likely to cause injuries and where it should have been anticipated . . . because of frequent occurrence" there can be no recovery.

The defendant is a common carrier and the plaintiff was lawfully at the station awaiting transportation as a passenger. It was not necessary, before the defendant should properly act, that the crowd should be so violent, riotous and disorderly as to endanger and disturb the public peace. *Vinton v. Middlesex Railroad,* 11 Allen, 304. *Jackson v. Old Colony Street Railway,* 206 Mass. 477, 485. The jury could say that the conditions and what the crowd did at the time of the accident were of the same general character as the conditions on other and many previous occasions of which the defendant knew, or in the exercise of reasonable diligence should have known, and against the occurrence of which it should have guarded. We are accordingly unable to distinguish the case at bar from *Kuhlen v. Boston & Northern Street Railway,* 193 Mass. 341, where under substantially similar circumstances the issue of the defendant's negligence was held to be a question of fact for the jury. See, also, *Kelley v. Boston Elevated Railway,* 210 Mass. 454; *Coy v. Boston Elevated Railway,* 212 Mass. 307, 309; *Collins v. Boston Elevated Railway,*

217 Mass. 420; *Danovitz* v. *Blue Hill Street Railway*, 218 Mass. 42, where *Kuhlen* v. *Boston & Northern Street Railway*, just cited, is followed.

The defendant, relying on *MacGilvray* v. *Boston Elevated Railway*, 229 Mass. 65, argues in substance, that during certain hours of each day, which are the hours described in the record, the subway station in question becomes so congested with passengers awaiting transportation that the company cannot effectively regulate or control their admission to or passage from the platform to the cars, and, this condition of affairs having become a matter of common knowledge, the plaintiff assumed the risk of her physical safety being imperilled by the conditions described. But the decision in that case is expressly put on the ground that, "it conclusively appears that she was injured (as she testified) by being pushed and thrown down by some person from behind. It is plain that such an act of violence committed by a single individual could not reasonably have been anticipated and guarded against by the defendant." It is not an authority on which as matter of law the verdict ordered for the defendant can be supported.

The plaintiff, having called the defendant's special officer and station master as a witness, who testified "that there was no crowding," and that the employees then on duty were sufficient in number to meet every reasonable demand by the assembled passengers for protection against physical injury likely to result in violent and excessive overcrowding of passengers while properly attempting to board the cars, the defendant finally contends that "there was no evidence that the defendant failed to furnish an adequate number of employees to handle the crowd, or that the employees were negligent at the time of the plaintiff's accident." The jury nevertheless were not bound to accept his statements but could find on the plaintiff's evidence that they were not in attendance. *Hill* v. *West End Street Railway*, 158 Mass. 458. *Kelley* v. *Boston Elevated Railway*, 210 Mass. 454. *Weil* v. *Boston Elevated Railway*, 218 Mass. 397, 402.

A majority of the court are of opinion that the plaintiff, having been entitled to go to the jury, is to have judgment for the sum stipulated in the report.

*So ordered.*