ESTELLE A. RITCHIE *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   March 29, 1921. — May 26, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Street railway.  *Carrier,* Of passengers.

Evidence, at the trial of an action against an elevated railway company for personal injuries, tending merely to show that, while the plaintiff was alighting from a car of the defendant at a subway station in Boston and had hold of the side rail at the rear end of the car, " the force of the passengers behind her coming along . . . pushed her with such force she lost her grip on the rail and fell to the concrete pavement" and that the conductor was at the rear of the car in his usual place and kept saying " Step lively, step lively," is not evidence that the defendant was negligent.

A conductor of a car of an elevated railway company is not negligent in failing to prevent passengers from crowding as they leave the car at a subway station where it is not shown that there is reason to expect anything unusually dangerous at the time nor that the passengers were disorderly or unruly or acting in such manner as to call for any interference by the railway company or its agents.

TORT for personal injuries sustained by the plaintiff on February 21, 1917, at the subway station of the defendant at Park Street in Boston, alleged to have been caused by being pushed off a car of the defendant which she was attempting to leave.   Writ dated April 26, 1917.

In the Superior Court the action was tried before *Keating,* J. The material evidence is described in the opinion.

The jury found for the plaintiff in the sum of $2,000.   Before the verdict of the jury was recorded, the judge ordered a verdict for the defendant and reported the case for determination by this court upon the stipulation that, if this court should determine that the trial judge was right in ordering a verdict for the defendant, judgment was to be entered for the defendant, but, if it was determined that the action should have been submitted to the jury, judgment was to be entered for the plaintiff in the sum of $2,000 with interest from February 3, 1920, and costs.

*F. Burke,* (*J. P. Bell* with him,) for the plaintiff.

*J. T. Hughes,* for the defendant.

CARROLL, J.   There was evidence that the plaintiff was injured while leaving a crowded car on which she was a passenger,

at the Park Street subway station in Boston. As she reached the door at the rear end of the car, she took hold of the side rail with her right hand, "the force of the passengers behind me coming along . . . pushed me with such force I lost my grip on the rail and fell on the concrete pavement." The conductor was "at the rear of the car in his usual place," and "kept saying, 'Step lively, step lively.'"

It is settled law in this Commonwealth that a street railway company is not at fault in failing to prevent passengers from crowding as they leave or enter its cars in the customary way. This is one of the incidents of such travel and it is not of itself evidence of negligence. When there is evidence of boisterous or disorderly conduct which should have been foreseen and guarded against, the jury may find the carrier to be negligent if it failed to prevent it; but there are no such facts in the case at bar. All that appears is that the passengers in their haste to leave the car, crowded against the plaintiff in such a manner that she fell to the ground. On these facts there was no evidence of the defendant's negligence to go to the jury. *Seale* v. *Boston Elevated Railway,* 214 Mass. 59. *MacGilvray* v. *Boston Elevated Railway,* 229 Mass. 65. *Knowles* v. *Boston Elevated Railway,* 233 Mass. 347. See *Moulton* v. *Boston Elevated Railway,* 236 Mass. 234, 236. It was not negligent for the conductor to urge the passengers to "step lively." As was said in *Willworth* v. *Boston Elevated Railway,* 188 Mass. 220, 222, "The nature of the business in which the defendant is engaged and the convenience of its passengers who cannot afford an unnecessary loss of time justify efforts to make the transfers at stations quickly." *Hawes* v. *Boston Elevated Railway,* 192 Mass. 324. *Hogan* v. *Boston Elevated Railway,* 195 Mass. 313. Nor was the conductor negligent, in failing to prevent passengers from crowding as they left the car. There was no reason to expect anything unusually dangerous at the time, and it is not shown that the passengers were disorderly or unruly or acting in such a manner as to call for any interference by the defendant or its agents. *Willworth* v. *Boston Elevated Railway, supra. Seale* v. *Boston Elevated Railway, supra. MacGilvray* v. *Boston Elevated Railway, supra. Knowles* v. *Boston Elevated Railway, supra.*

The trial judge was right in directing a verdict for the defendant.

*Judgment on the verdict.*