ELIZABETH C. BURNS *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Middlesex.     March 29, 1923. — March 31, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Negligence,* Street railway, Subway. *Carrier,* Of passengers, Protection from crowd.

At the trial of an action by a woman against a street railway company for personal injuries received in a subway station of the defendant, there was evidence that, as a car of the defendant upon which the plaintiff was a passenger approached the station, she "was standing a little from the door, facing the door, probably not four or five steps from the door; that there were other passengers standing between her and the door;" that when the train arrived at the station, "the door opened and the crowd immediately went dashing to get out of the door and she was swept right off her feet and deposited in the space between the platform and the train" and was injured. *Held,* that there was no evidence of unusual pushing, of boisterousness or of any conduct not commonly incident to travelling in the subway cars during rush hours, and that there was no evidence of negligence on the part of the defendant.

TORT for personal injuries received at the Kendall Square station in the Cambridge subway by being pushed from a crowded train of the defendant upon which the plaintiff was a passenger. Writ dated February 14, 1920.

In the Superior Court the action was tried before *Hall,* J. Material evidence is described in the opinion. At the close of the plaintiff's evidence upon motion by the defendant, the judge ordered a verdict for the defendant and at the request of the parties reported the action to this court for determination upon the stipulation that, if the verdict so ordered was correct, judg-

ment should be entered on the verdict and, if the action should have been submitted to the jury, judgment should be entered for the plaintiff in the sum of $750.

*F. A. Crafts*, for the plaintiff.

*J. P. Carr*, for the defendant.

RUGG, C.J.    This is an action of tort for personal injuries received by the plaintiff while a passenger on a subway car of the defendant. The car, which the plaintiff previously had boarded, became crowded at Park Street. As it approached the Kendall Square stop, the plaintiff, according to her testimony, was "standing a little from the door, facing the door, probably not four or five steps from the door; that there were other passengers standing between her and the door; that when the train arrived at Kendall Square the door opened and the crowd immediately went dashing to get out of the door and she was swept right off her feet and deposited in the space between the platform and the train" and thus injured. There was no evidence of unusual pushing, of boisterousness or of any conduct not commonly incident to travelling in the subway cars during rush hours. There was no evidence of negligence on the part of the defendant or its servants. *Seale v. Boston Elevated Railway*, 214 Mass. 59. *McCumber v. Boston Elevated Railway*, 207 Mass. 559. *Knowles v. Boston Elevated Railway*, 233 Mass. 347. *McGilvray v. Boston Elevated Railway*, 229 Mass. 65. *Ritchie v. Boston Elevated Railway*, 238 Mass. 473. *Savickas v. Boston Elevated Railway*, 239 Mass. 226. *Plummer v. Boston Elevated Railway*, 198 Mass. 499. Cases like *Kuhlen v. Boston & Northern Street Railway*, 193 Mass. 341, *Glennen v. Boston Elevated Railway*, 207. Mass. 497, and *Bryant v. Boston Elevated Railway*, 232 Mass. 549, are distinguishable.

*Judgment on the verdict.*