MARY ROPER STANLEY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     March 4, 1924. — April 9, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Street railway: crowd in subway station.

At the trial of an action against a street railway company for injuries received when the plaintiff was in a station in a subway maintained by the defendant, there was evidence tending to show that as the plaintiff, a woman, was proceeding along the platform toward a berth at which a car which she intended to take had arrived, she " became mixed up in the crowd ' which simply pushed and I had to go right along with the crowd,' " and that she was pushed into the space between the platform and the car. She testified that at other times she had seen crowds in this subway " similar to this crowd; " that the " crowd was very large; the people were very close together, they were just pushing and push-

ing." The plaintiff's husband testified that he was accustomed to enter this subway daily at the same hour in the evening and that on such occasions he " noticed a crowd of excited people rushing for cars; " and that on the night in question " The crowd was hurrying a little more than usual . . . ." *Held,* that the evidence disclosed no negligence on the part of the defendant, there being no evidence of violence or boisterous conduct on the part of the crowd.

TORT for personal injuries received by the plaintiff while in the Park Street station of a subway of the defendant in Boston. Writ dated March 11, 1920.

In the Superior Court, the action was tried before *Raymond,* J. Material evidence is described in the opinion. At the close of the evidence, a motion that a verdict be ordered for the defendant was denied, and the action was submitted to the jury on so much of one of the counts in the declaration " as alleged negligence on the part of the defendant in respect of the gathering and action of a crowd in the subway station at Park Street, as set forth in said count." There was a verdict for the plaintiff in the sum of $3,500. The defendant alleged exceptions.

*L. Powers,* for the defendant.

*H. H. Pratt,* for the plaintiff.

CARROLL, J. The plaintiff, a passenger of the defendant in the Park Street subway, was pushed by a crowd of people into the space between " the platform and the car near the front end of berth 8 " and injured. She was near the middle of the subway and was proceeding toward " berth 8 " when she " became mixed up in the crowd ' which simply pushed and I had to go right along with the crowd.' " She testified that at other times she had seen crowds at this subway " similar to this crowd; " that the " crowd was very large; the people were very close together, they were just pushing and pushing; . . ." Mr. Stanley testified that he was accustomed to enter this subway daily in the evening at the same hour his wife was injured. On these occasions " he noticed a crowd of excited people rushing for cars; " that on the night in question " The crowd was hurrying a little more than usual . . ."

The evidence discloses no negligence on the part of the

defendant. The fact that the subway station was crowded, and that the crowd was pushing and hurrying to enter the cars, is not sufficient to establish negligence. This has been decided in a number of cases. *Seale* v. *Boston Elevated Railway,* 214 Mass. 59. *MacGilvray* v. *Boston Elevated Railway,* 229 Mass. 65. *Knowles* v. *Boston Elevated Railway,* 233 Mass. 347. *Ritchie* v. *Boston Elevated Railway,* 238 Mass. 473. *Savickas* v. *Boston Elevated Railway,* 239 Mass. 226.

There was no evidence of violence or boisterous conduct on the part of the crowd. The case at bar is to be distinguished from *Kuhlen* v. *Boston Elevated Railway,* 193 Mass. 341, *Glennen* v. *Boston Elevated Railway,* 207 Mass. 497, *Bryant* v. *Boston Elevated Railway,* 232 Mass. 549, *Franz* v. *Holyoke Street Railway,* 239 Mass. 565.

The defendant was not responsible for the construction of the platform, nor for the stopping of the car on a curve. See *Bryant* v. *Boston Elevated Railway, supra,* and cases cited.

The exceptions are sustained; and in accordance with G. L. c. 231, § 122, judgment is to be entered for the defendant.

*So ordered.*