MARY B. ALWARD *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 13, 1924. — November 14, 1924.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Street railway: crowd in station.

At the trial of an action against a street railway company for personal injuries received by the plaintiff while on a platform of a station of the defendant and entitled to the rights of a passenger, there was evidence tending to show that the platform had berths designated by numerals where cars stopped for the purpose of discharging and receiving passengers; that there was a crowd upon the platform; that a car stopped at the first berth and then a car which the plaintiff desired to take stopped at the second berth momentarily and the crowd rushed forward to board it. There was no evidence that this car was opened while stopping momentarily, but, just as it stopped, the car in the berth ahead had started to leave the station and the car which the plaintiff sought to enter, without warning or signal, moved forward to that berth, the crowd then pushed forward around the door and the plaintiff thought that the door was going to open, and was thrown to the ground. There was ample evidence that at that hour of the day there usually was a crowd on the platform, but no evidence to indicate that it was unruly or boisterous. *Held*, that there was no evidence of negligence on the part of the defendant.

TORT for personal injuries received by the plaintiff while a passenger waiting upon a platform to take a street car of the defendant. Writ dated November 26, 1920.

In the Superior Court, the action was tried before *Weed*, J. Material evidence is described in the opinion. A motion by the defendant for a verdict in its favor was denied. There was a verdict for the plaintiff in the sum of $350. The defendant alleged exceptions.

*J. T. Hughes*, (*H. L. Barrett* with him,) for the defendant.
*J. H. Devine*, for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries received by the plaintiff while upon a platform of a station of the defendant and entitled to the rights of a passenger. The plaintiff waited upon the platform where was to come the Mattapan car which she

desired to take.   There were berths, designated by numerals, along the platform where cars stopped for the purpose of discharging and receiving passengers.   The time was about five o'clock in the afternoon.   There was a crowd on the platform.   While the plaintiff was thus waiting, a car stopped at berth No. 1; then a Mattapan car stopped at berth No. 2 for a minute or two, and the crowd pushed forward to board it.   There is no evidence that the car was opened at this stop.   Just as the Mattapan car stopped, the car in berth No. 1 started to leave the station and the Mattapan car, without warning or signal, moved forward to berth No. 1.   Then the crowd, which was close to the Mattapan car, pushed forward and around the door of the car and the plaintiff thought the door was going to open.   The plaintiff was thrown down by the crowd.

There was ample evidence that at that hour of the day there was usually a crowd on the platform, but nothing to indicate that it was unruly or boisterous.   It was not an act of negligence by the defendant to move the Mattapan car forward from one berth to the other under the circumstances here disclosed.   Such movement apparently was rightly designed to afford relief to the congestion on the platform by enabling a car to be stopped at each of the berths or at as many of them as was practicable.   The case is governed by cases like *MacGilvray* v. *Boston Elevated Railway,* 229 Mass. 65, and *Stanley* v. *Boston Elevated Railway,* 248 Mass. 494, and is distinguishable from cases like *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341, and *Bryant* v. *Boston Elevated Railway,* 232 Mass. 549.

*Exceptions sustained.*

*In accordance with G. L. c. 231, §122, judgment is to be entered for the defendant.*