SAMUEL ROTTENBERG *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.    March 23, 1926. — September 17, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Street railway: crowd in station.

A passenger at an elevated railway station injured by being pushed into a
train pit by a crowd cannot recover from the elevated railway company
in an action of tort in the absence of evidence that there was boisterous
or disorderly conduct on the part of the crowd.

TORT for personal injuries suffered when the plaintiff
was pushed by a crowd into the elevated track pit at
the Egleston Square station of the defendant.    Writ dated
August 10, 1921.

In the Superior Court, the action was tried before *Law-
ton*, J.    At the close of the evidence, a verdict was entered
for the defendant, and the judge reported the action to this
court for determination, "with the stipulation of the parties
that if the order of the judge ordering the verdict for the de-
fendant was erroneous, or if there was evidence which should
have meant that the case should have been submitted to the
jury, judgment was to be entered for the plaintiff in the sum
of $2,500; otherwise judgment on the verdict."

*R. B. Coulter*, for the plaintiff.

*H. F. Hathaway*, for the defendant.

WAIT, J.    The evidence, taken most strongly for the
plaintiff, fails to show that there was boisterous or disorderly
conduct of the crowd which he contends pushed him into the
track pit at the Egleston Square station and caused his in-
jury.    There was no evidence for the jury that the defendant
was negligent.

The case is governed by the decisions of this court in
*Sack* v. *Director General of Railroads*, 245 Mass. 114, and
cases there cited, page 122.    See also *Burns* v. *Boston Elevated
Railway*, 244 Mass. 451; *Stanley* v. *Boston Elevated Railway*,

248 Mass. 494; *Alward* v. *Boston Elevated Railway,* 250
Mass. 244.

The order directing a verdict for the defendant was right;
and in accord with the terms of the report, the order must be

*Judgment on the verdict.*