ANNA M. MARTIN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.    January 24, 1928.— March 1, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Street railway.   *Evidence,* Presumptions and burden of proof.

Where a plaintiff at the trial of an action, after making in testimony inconsistent statements relating to a material issue, finally unequivocally adopts one of those statements as the truth, he is bound by the testimony thus adopted, and it is proper for the trial judge to refuse to submit to the jury the question, which statement was true.

An action against an elevated railway company for personal injuries caused by the pushing and crowding of passengers at an elevated railway station cannot be maintained on evidence tending merely to show that on the occasion of the plaintiff's injury the crowd was pushing, boisterous, turbulent and making considerable noise; that there was always a large crowd and a scramble for cars at that place and at about the hour of the plaintiff's accident; that guards had to take care of the crowd and had to tell the operators when to close the doors; that the crowd was never "easy" during the rush hour, and there was always jostling and pushing and more or less talk.

TORT for personal injuries. Writ dated November 2, 1923.

In the Superior Court, the action was tried before *Weed*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action to this court for determination.

The case was submitted on briefs.

*J. H. Vahey & P. Mansfield*, for the plaintiff.

*C. S. Walkup, Jr.*, for the defendant.

SANDERSON, J. This is an action of tort for personal injuries, in which the judge directed a verdict for the defendant, and reported the case with a stipulation that if his ruling was correct, judgment was to be entered for the defendant on the verdict; if erroneous, judgment was to be entered for the plaintiff in a stipulated sum.

The plaintiff's accident occurred on the platform of the defendant's subway station at Harvard Square, where she had changed from a subway train to take a car for Arlington Heights. There was evidence that a large crowd of people was on the platform. In the first part of her testimony in stating the cause of the accident she said that, as the people were trying to get on the car she desired to take, the conductor operated the brakes which closed the door saying "That will be all"; that a stout gentleman just ahead of her was boarding the car and the conductor with great force virtually pushed him off, in closing the door, and this man fell back on to the plaintiff causing her to fall. After the plaintiff's attention had been directed to a signed statement previously made by her, she finally testified, in cross-examination, that the fact was that the crowd had knocked her down before the man came off the steps, and that she did not know the conductor pushed him, although he moved his hand toward the man; that whatever may have been the facts to which she previously had testified, she could not say that the conductor pushed the man off the car; that what caused her to fall was either somebody in the crowd or the force of the crowd. There was testimony tending to show that on the night of the accident the crowd was pushing, boisterous, turbulent and making considerable noise. Testimony was

introduced to the effect that there was always a large crowd and a scramble for cars at about the hour of the plaintiff's accident; that guards had to take care of the crowd and had to tell the operators when to close the doors; that the crowd is never "easy" during the rush hour, and there is always jostling and pushing and more or less talk.

The plaintiff contends that, having made inconsistent statements as to the cause of her accident, the jury could believe either one of them, and that the question whether the conductor caused her injury by pushing a man from the car should have been submitted to the jury. But the case comes within the principle of the decisions which hold that when a party after making inconsistent statements finally adopts as the truth one of those statements, the party is bound by the testimony thus adopted. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. *Latus* v. *Boston Elevated Railway*, 261 Mass. 233.

Upon the plaintiff's final statement as to what occurred, there could be no liability based upon the act of the conductor. It has been decided in several cases that the facts, that a subway station is crowded with people pushing and hurrying to enter cars and that similar conditions had obtained at other times, are not sufficient to establish negligence. In the case at bar there was no evidence of violence or boisterous conduct on the part of the crowd on previous occasions, and the jury could not have found that the defendant had notice that there would be such conduct on the night in question. *Stanley* v. *Boston Elevated Railway*, 248 Mass. 494. *Alward* v. *Boston Elevated Railway*, 250 Mass. 244. *Dullea* v. *Boston Elevated Railway*, 251 Mass. 56.

*Judgment for defendant on the verdict.*