OPAL BOYD *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk. March 13, 1928.— September 11, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, Street railway: crowd in station. *Practice, Civil*, Interroga-
tories, Exceptions. *Evidence*, Relevancy and materiality, Cumulative.

In an action of tort for personal injuries against a street railway company,
the plaintiff alleged in his declaration that the defendant, knowing that
crowds in a certain transfer station were in the habit of surging and push-
ing, negligently permitted such a crowd to occupy the platform in such
station; and that the plaintiff was caught, carried off his feet, and thrown
down by such a crowd. The plaintiff filed certain interrogatories to
the defendant, inquiring whether persons had been injured by the con-
duct of such crowds in any of the defendant's stations previous to the
day of the plaintiff's injury; and whether, on certain specified dates,
persons at certain designated stations, none of which was the station
where the plaintiff was injured, had been injured by the pushing of a
crowd. A motion by the plaintiff that the defendant be required to
answer, or answer more fully, such interrogatories, was denied. *Held*,
that no error was shown; the interrogatories were immaterial.
Other interrogatories filed by the plaintiff in the action above described
inquired as to the precautions taken by the defendant to prevent injury
to passengers from crowds in the station; and as to the rules and regula-
tions of the defendant governing the handling of passenger traffic in
that station. The defendant answered such interrogatories to the
effect that it had no rules to govern the conduct of passengers. A motion
for further answers was denied. *Held*, that no error appeared in such
denial.
At the trial of the action above described, there was evidence that, as the
plaintiff got off a crowded street car in the transfer station during the
rush hour in the morning and moved toward a stairway, he was sur-
rounded by a hurrying body of passengers, some of them running; that

there was no other car unloading at that time; that loading of cars did not take place on that platform, and all the passengers were moving toward the same stairway; that no employee of the defendant was present to control the conduct of the passengers and there was no provision made to control it; and that the plaintiff was "pressed" from behind and fell. There also was evidence that the plaintiff's fall was caused by some passenger running into him. There was no evidence that such surging and pushing as existed was different from what was usual during the rush hour. The judge ordered a verdict for the defendant. *Held*, that the verdict properly was ordered for the defendant.

If an action is before this court upon exceptions by the plaintiff to the ordering of a verdict for the defendant, no error prejudicial to the plaintiff is shown in the exclusion of evidence offered by him, which, while competent, is merely cumulative; and an exception by the plaintiff to the exclusion of such evidence must be overruled.

TORT for personal injuries. Writ dated September 18, 1924.

In the Superior Court, the plaintiff filed interrogatories to the defendant, and thereafter filed a motion that the defendant be required to answer certain of the interrogatories and to answer others more fully and specifically. The motion was heard by *Lummus*, J., and was denied. The plaintiff alleged exceptions to such denial.

The action thereafter was tried before *Raymond*, J. Material evidence, and evidence excluded, is described in the opinion. At the close of the plaintiff's evidence, the defendant rested and the judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*P. B. Buzzell*, for the plaintiff.

*H. S. MacPherson*, for the defendant.

WAIT, J. The plaintiff sued for injuries received in the Andrew Square station of the defendant and set out in her declaration that she was caught, carried off her feet, and thrown against a column on the platform by a surging crowd negligently permitted to occupy the platform and constituting a dangerous state of affairs thereon, the defendant knowing such crowds were in the habit of surging and pushing in order more quickly to board or leave the defendant's cars.

The case is before us upon two bills of exceptions; the first to the refusal to compel answer or more complete answer to

certain interrogatories; the second, to the exclusion of evidence offered at the trial and to the direction of a verdict for the defendant.

There was no prejudicial error in the rulings on the interrogatories. The plaintiff was not entitled to answers to interrogatories thirty-four to forty-three inclusive, which asked whether prior to February 1, 1923, the day of the accident, persons had been injured in any of the defendant's stations by the surging, pushing, shoving or jostling of crowds; and whether on specified dates named, persons at designated stations (none of which was Andrew Square) had been injured by the pushing of a crowd. The persons named were the plaintiffs in actions which had come before this court for decision. All were immaterial to the issue in this case, which was whether on February 1, 1923, at Andrew Square, the circumstances then existing showed negligence of the defendant resulting in injury to the plaintiff.

The answers to interrogatories thirty, thirty-one and fifty-one were that the defendant had no rules to govern the conduct of passengers, and may well have been held sufficient in reply to questions asking description in detail of precautions to prevent injury to passengers from the surging, pushing, shoving or jostling of crowds, and to keep crowds under control and cause them to move in an orderly manner; and for rules and regulations having to do with the handling of passenger traffic at Andrew Square.

The evidence offered in part tended to show conditions at Andrew Square on platforms other than that on which the plaintiff was hurt and at other times. This was material and competent on the issue of the knowledge of the defendant in regard to the behavior of crowding passengers in the Andrew Square station, *Glennen* v. *Boston Elevated Railway*, 207 Mass. 497, *O'Day* v. *Boston Elevated Railway*, 218 Mass. 515, and the practicability of control. Nevertheless, the plaintiff was not prejudiced by its exclusion; for every fact was before the court through other evidence and the judge in ruling on the motion to direct a verdict for the defendant was bound to assume on behalf of the plaintiff that it was true. For the same reason the plaintiff was not harmed by

the exclusion of the testimony directed to creating the belief that it was the crowd of hurrying passengers, and not a single rude passenger who, by coming against her, caused her fall.

Taken most strongly for the plaintiff, the evidence showed that as she got off a crowded car and moved toward a stairway descending to the tunnel, she was preceded, surrounded and followed by a hurrying body of passengers, some of them running. She was "pressed" from behind and fell. Another passenger fell at the same time, who had signed a statement that "a man who came running from behind me ran against my left shoulder." The plaintiff was unable to deny that in February, 1923, she had said to an investigator for the defendant "Some passenger behind me ran against my right shoulder and I fell forward." These two were walking side by side, the plaintiff at the left of the other. The car stopped at an unloading platform shown by the plan in evidence to be some two hundred and fifty feet long and about forty-five feet wide. No passengers desiring to get on the car were on the platform, nor was loading permissible from this platform. A stairway descending to the level for tunnel trains was distant about thirty feet diagonally to the left. A column stood about fifteen feet from the car and between it and the stairway. Although it was during the morning rush hours, no other car was unloading at the time. All the passengers from this car and trailer were moving toward the same stairway, although there were other stairways farther away. There was no servant of the defendant at hand to moderate the impulse of the passengers to descend as quickly as possible, and there was no provision made to control impetuosity or rudeness. Such surging and pushing as existed was away from the car and toward the stairway, which was about eight feet wide. Pushing, running and jostling could be seen there daily; but there was no evidence that they were other than the usual experiences of rush-hour travel, or that any one other than the plaintiff and her friend had ever been overthrown.

The language of *Ritchie* v. *Boston Elevated Railway*, 238 Mass. 473, 474, is applicable here: "a street railway company is not at fault in failing to prevent passengers from crowding

as they leave or enter its cars in the customary way. This is one of the incidents of such travel and it is not of itself evidence of negligence. When there is evidence of boisterous or disorderly conduct which should have been foreseen and guarded against, the jury may find the carrier to be negligent if it failed to prevent it; but there are no such facts in the case at bar." There is nothing to show that the defendant should have anticipated such violence, or that, practically, it could prevent it consistently with the conduct of its business.

The case falls within the class illustrated by *Ritchie* v. *Boston Elevated Railway, supra; MacGilvray* v. *Boston Elevated Railway,* 229 Mass. 65; *Jackson* v. *Boston Elevated Railway,* 217 Mass. 515; *Martin* v. *Boston Elevated Railway,* 262 Mass. 542, rather than by *Kuhlen* v. *Boston & Northern Street Railway,* 193 Mass. 341; *Kelley* v. *Boston Elevated Railway,* 210 Mass. 454; *Coy* v. *Boston Elevated Railway,* 212 Mass. 307; and *Bryant* v. *Boston Elevated Railway,* 232 Mass. 549.

There was no error.

*Exceptions overruled.*