JOHANNAH LONGIN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     April 11, 1941. — May 28, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Negligence*, Street railway: station, person on track.

A finding of negligence of a street railway company was warranted by evidence that a surging crowd in a station pushed a woman passenger in front of a car after it had stopped briefly and that while she was in that position, unable to get out of the way, the car was started and struck her.

TORT. Writ in the Superior Court dated September 23, 1937.

At the trial before *Good,* J., there was a verdict for the plaintiff in the sum of $4,000. The defendant alleged exceptions.

*J. T. Hughes,* (*H. L. Barrett* with him,) for the defendant.

*L. D. Yont,* (*P. H. Thibodeau* with him,) for the plaintiff.

QUA, J. In this action for personal injury the plaintiff introduced evidence tending to show that, being a passenger on the defendant's railway, she waited at the surface level of the Dudley Street Terminal for the purpose of changing cars; that a crowd of seventy-five or a hundred people gathered (a witness called by the defendant said "about two hundred"); that the plaintiff was in the front of the crowd next the rail; that the car she was to take came in quite fast and stopped; that she was pushed in front of it; that she tried to get back; that the car started up again and ran over her foot; that the crowd was "all up against her"; that "they were all pushing," they "all rushed to get on the car"; that she was shoved and "could not get one way or the other, back or forth"; that she got her body back out of the way, but one or two wheels ran over her foot; that "There was a rush there"; that when the car stopped she was trying to protect herself from the crowd shoving; that there was pushing when the car came in and "right along."

The only question is whether a verdict should have been directed for the defendant. There was no error in refusing such direction.

The plaintiff's case goes beyond the mere pushing and crowding which is a common incident of travel by public carrier and for which the carrier is not responsible under such decisions as *MacGilvray* v. *Boston Elevated Railway,* 229 Mass. 65; *Burns* v. *Boston Elevated Railway,* 244 Mass. 451; *Martin* v. *Boston Elevated Railway,* 262 Mass. 542, and *Boyd* v. *Boston Elevated Railway,* 264 Mass. 364. If the jury believed the evidence most favorable to the plaintiff, they could find that the defendant's operator allowed his car to come to a stop and then started it again in the midst of a surging crowd when he could have seen the plaintiff's unfortunate position in front of the car, or at

least when he ought to have realized that someone might be endangered as she was. This remains true even if the stop was for a very brief period. One witness testified, it was "about a couple of seconds." Although the defendant cannot be held liable on this evidence for the mere presence and conduct of the crowd, the jury could find that it negligently handled the car in the face of the observable conditions. The case is to be distinguished from *Savickas* v. *Boston Elevated Railway,* 239 Mass. 226, *Alward* v. *Boston Elevated Railway,* 250 Mass. 244, *Sack* v. *Director General of Railroads,* 245 Mass. 114, and *Notaro* v. *Boston Elevated Railway,* 273 Mass. 296.

A ruling that the plaintiff was contributorily negligent was not required.

*Exceptions overruled.*