ANGELINA LoPRESTI & another *vs.* METROPOLITAN
TRANSIT AUTHORITY

Suffolk.    January 11, 1963. — February 1, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Negligence,* Street railway: crowd in station.

Evidence merely that a passenger of a street railway company attempting
to enter a subway train from a platform was pushed and caused to fall
by other passengers boarding the train and that no guards were seen
on duty at that time did not warrant a finding of negligence on the part
of the company.

TORT.    Writ in the Superior Court dated July 15, 1959.
The action was tried before *Swift,* J.

*Arthur J. Learson* for the defendant.

*James W. Kirk (David Feinstein* with him) for the plaintiffs.

SPALDING, J.    The declaration in this action of tort contains two counts.    In the first count, Angelina LoPresti (hereinafter called the plaintiff) seeks damages for personal injuries alleged to have been caused by the defendant's negligence; in the second count, the plaintiff's husband seeks consequential damages.    Verdicts were returned for each plaintiff.    The case comes here on the defendant's exceptions to the denial of its motion for directed verdicts, a ruling on evidence, and to a portion of the charge.

The evidence most favorable to the plaintiff was as follows: On October 4, 1958, at about 1 P.M., the plaintiff and her husband went upon the eastbound platform of the defendant's subway station at Park Street for the purpose of boarding a train going to Dorchester.    They waited there four or five minutes before a train came.    Estimates of the number of people on the platform at the time the train arrived varied from 30 to 150.    As the plaintiff started to

board the train, the persons on the platform in attempting to enter "pushed like animals." The plaintiff did not "have to walk toward the car, [for] they pushed her in, and they pushed her so hard that she must have lost her balance." She fell and "her leg went into the space between the train and the platform up to her thigh." The day of the accident (a Saturday) was during the football season. The "heaviest football traffic would be on the westbound platform." Neither the plaintiff nor her husband saw any guards on duty on the platform while they were there.

The defendant's motion for directed verdicts ought to have been granted.

The language of this court in *Ritchie* v. *Boston Elev. Ry.* 238 Mass. 473, 474, is peculiarly applicable here: "It is settled law in this Commonwealth that a street railway company is not at fault in failing to prevent passengers from crowding as they leave or enter its cars in the customary way. This is one of the incidents of such travel and it is not of itself evidence of negligence. When there is evidence of boisterous or disorderly conduct which should have been foreseen and guarded against, the jury may find the carrier to be negligent if it failed to prevent it; but there are no such facts in the case at bar. All that appears is that passengers in their haste to leave the car, crowded against the plaintiff in such a manner that she fell to the ground. On these facts there was no evidence of the defendant's negligence." Likewise, in the case at bar, there is no evidence of negligence on the part of the defendant. All that the evidence shows is that other passengers pushed the plaintiff and caused her to fall while she was entering the defendant's train. There is "nothing to show that the defendant should have anticipated such violence, or that, practically, it could prevent it consistently with the conduct of its business." *Boyd* v. *Boston Elev. Ry.* 264 Mass. 364, 368. The evidence that the accident occurred during the football season adds little or nothing, for it appears that the "heaviest football traffic would be on the . . . [opposite] platform."

The case falls within the class illustrated by *Ritchie* v. *Boston Elev. Ry., supra, MacGilvray* v. *Boston Elev. Ry.* 229 Mass 65, *Boyd* v. *Boston Elev. Ry., supra,* and *Parker* v. *Boston Elev. Ry.* 273 Mass. 345.

It is not necessary to consider the defendant's other exceptions.

*Exceptions sustained.*
*Judgment for the defendant.*